IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 4, 2009 Session

# EDNA N. ZULUETA v. WINIFRED LASSITER, M.D., of the LASSITER CLINIC, ET AL.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 07C-3677     Amanda McClendon, Judge**

_____

**No. M2009-00743-COA-R3-CV - Filed August 21, 2009**

_____

The trial court awarded summary judgment to Defendant physician in this medical malpractice action. We dismiss the appeal for failure to appeal a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Edna N. Zulueta, *Pro Se*.

E. Reynolds Davies, Jr., and Ed R. Davies, Nashville, Tennessee, for the Appellee, Winifred Lassiter, M.D.

## MEMORANDUM OPINION[1]

This appeal arises from a medical malpractice action commenced by Edna N. Zulueta (Ms. Zulueta), acting *pro se*, against Winifred Lassiter, M.D. (Dr. Lassiter) of the Lassiter Clinic, and Greg Kyser, M.D. (Dr. Kyser) of the Greg Kyser, M.D., LLC, in the Circuit Court for Davidson County in December 2007. Ms. Zulueta filed an amended complaint in February 2008. Dr. Kyser moved for summary judgment in August 2008, and the trial court granted Dr. Kyser's motion in November 2008. The trial court made its order awarding summary judgment to Dr. Kyser final

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Ms. Zulueta did not appeal that judgment, and Dr. Kyser is not a party to this appeal.

Dr. Lassiter filed an answer to Ms. Zulueta's complaint and a counterclaim on May 14, 2008. In her counter-complaint, Dr. Lassiter asserted that Ms. Zulueta had executed a hold harmless agreement agreeing to "hold Defendant harmless for any action regarding her employment taken as the result of the physical examination performed by Defendant." She prayed to be held harmless in the case, and for "judgment against Plaintiff for her costs and expenses incurred in defending this action, and for all amounts recovered by Plaintiff in this action[.]" In October 2008, Dr. Lassiter filed a motion for summary judgment and a statement of material facts. In December 2008, she filed her own expert affidavit stating that she had complied with the standard of care.

In response to Dr. Lassiter's motion for summary judgment, Ms. Zulueta filed a cross-motion for summary judgment in which she responded to Dr. Lassiter's statement of facts. In her motion, Ms. Zulueta reiterated her allegations that Dr. Lassiter was "unprofessional," and "insensitive" and that Dr. Lassiter "did not apply such knowledge [of the acceptable standard of professional practice] in the performance of . . . [her] examination" of Ms. Zulueta. She did not file an expert affidavit in support of her allegations.

Following a hearing at which Ms. Zulueta did not appear, on January 15, 2009, the trial court awarded summary judgment to Dr. Lassiter. On January 21, Ms. Zulueta filed a motion styled "Motion to Set Aside Order Granting Summary Judgment," which the trial court construed as a motion to alter or amend. The trial court denied Ms. Zulueta's motion and reaffirmed its award of summary judgment to Dr. Lassiter on March 9, 2009. In its order, the trial court stated that it construed Ms. Zulueta's "motion for summary judgment" to also be a statement of material facts, and found that Ms. Zulueta had failed to file an expert affidavit to refute Dr. Lassiter's expert testimony. The trial court taxed costs to Ms. Zulueta. Ms. Zulueta filed a timely notice of appeal to this Court.

### *Issue Presented*

The issue presented on appeal, as we perceive it, is whether the trial court erred in awarding summary judgment to Dr. Lassiter.

### *Standard of Review*

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness. *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues regarding material facts and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). Mere assertions that the nonmoving party has no evidence does not suffice to entitle the movant to summary judgment. *McCarley*, 960 S.W.2d at 588. The moving party must

either conclusively demonstrate an affirmative defense or affirmatively negate an essential element of the nonmoving party's claim. *Id.* If the moving party can demonstrate that the nonmoving party will be unable to carry its burden of proof on an essential element, summary judgment is appropriate. *Id.*

When a party makes a motion for summary judgment in accordance with Tenn. R. Civ. P. 56, the burden shifts to the nonmoving party to establish the existence of disputed material facts or that the moving party is not entitled to judgment as a matter of law. *Id.; Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The nonmoving party cannot merely rely on the pleadings, but must demonstrate essential elements of a claim by: 1) pointing to evidence that creates a factual dispute; 2) re-enforcing evidence challenged by the moving party; 3) offering additional evidence which establishes a material dispute; 4) submitting a Tenn. R. Civ. P. 56.06 affidavit explaining the need for additional time for discovery. *McCarley*, 960 S.W.2d at 588; *Holland v. City of Memphis*, 125 S.W.3d 425, 427 (Tenn. Ct. App. 2003).

*Analysis*

On appeal, Ms. Zulueta asserts the trial court erred by awarding summary judgment to Dr. Lassiter. Although neither party to this lawsuit has raised the issue of whether the order appealed is a final judgment, we must review the record *sua sponte* to determine whether we have jurisdiction to adjudicate this appeal. *State ex rel Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008)(*no perm. app. filed*); Tenn. R. App. P. 13(b).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *E.g., State ex rel Garrison v. Scobey*, WL 4648359, at *5.

In this case, the trial court has not adjudicated Dr. Lassiter's counterclaim under the hold harmless agreement for costs and expenses incurred in defending this action. The trial court did not make its January or March 2009 orders awarding summary judgment to Dr. Lassiter final pursuant to Rule 54.02, and did not dismiss Dr. Lassiter's counterclaim. Because Dr. Lassiter's counterclaim has not been adjudicated, a final judgment has not been entered in the trial court. Accordingly, we do not have jurisdiction to adjudicate the issue raised on appeal.

In light of the foregoing, this appeal is dismissed. This matter is remanded to the trial court for further action with respect to Dr. Lassiter's counterclaim. Costs of this appeal are taxed to the Appellant, Edna N. Zulueta.

_____
DAVID R. FARMER, JUDGE