IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief March 31, 2003

## NINA SUE HOLLAND v. CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 98-0604-2      Floyd Peete, Jr., Judge**

_____

**No. W2002-01529-COA-R3-CV - Filed June 10, 2003**

_____

Plaintiff filed a suit alleging gender discrimination and malicious harassment in violation of the Tennessee Human Rights Act. The trial court awarded summary judgment to Defendants. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Lewis K. Garrison, Memphis, Tennessee, for the appellant, Nina Sue Holland.

Karen S. Koplon and John C. Morrow, Memphis, Tennessee, for the appellee, Memphis Housing Authority.

**OPINION**

Plaintiff Nina Sue Holland (Ms. Holland) was employed as a security officer with the Memphis Housing Authority ("MHA") from February 1987 until she was discharged on July 30, 1997. In 1993, she applied for a position as manager of security, which was filled by Clyde Venson. In 1995, she applied for a supervisor position, which was filled by Howard Terry. In July 1997, MHA investigated Ms. Holland for alleged misconduct, including falsifying eviction records and overpaying eviction workers. Ms. Holland was notified of the investigation and received a hearing prior to her discharge on July 30.

Ms. Holland filed a complaint against the City of Memphis, MHA, the commissioners of MHA, Howard Terry, Clyde Venson and Frank Pope on July 10, 1998. In her complaint, she alleged gender discrimination and malicious harassment in violation of the Tennessee Human Rights Act ("THRA") as codified at Tenn. Code Ann. § 4-21-101, *et seq.* Ms. Holland voluntarily dismissed her action against MHA commissioners Hunter Lane, Martha Johnson, Elma Mardis, Rosalyn Gray

and Michael Ritz in May 1999. The City of Memphis was voluntarily non-suited pursuant to a consent order filed in June 1999.

In August 2002, the remaining defendants, MHA and MHA employees, (collectively, "MHA") filed a motion for summary judgment. In its motion, MHA asserted that Ms. Holland had stated in her deposition of August 2001 that her claim was one for gender discrimination only, and that she was not asserting sexual harassment. MHA further asserted that Ms. Holland's claim for gender discrimination was barred by the one-year statute of limitations imposed by the THRA. MHA additionally contended that it was a governmental entity not subject to suit under the Tennessee Governmental Tort Liability Act ("GTLA"); that notwithstanding the GTLA, Ms. Holland was an at-will employee terminated for misconduct; that despite the at-will employment relationship, Ms. Holland was given notice, a hearing and an opportunity to be heard regarding the allegations against her.

The order of the trial court reflects that a hearing on MHA's motion for summary judgment was held on October 12, 2001. However, Ms. Holland did not file a transcript of the hearing in this Court. The trial court's order also indicates that Ms. Holland filed a response to MHA's motion for summary judgment, although Ms. Holland likewise did not include this response in the record transmitted to this Court. The trial court awarded summary judgment to MHA on March 8, 2002, and Ms. Holland perfected a timely appeal.

### Issues Presented

The determinative issue presented by this appeal, as we perceive it, is whether the trial court erred by awarding summary judgment to MHA.

### Standard of Review

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness. *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues regarding material facts and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). Mere assertions that the nonmoving party has no evidence does not suffice to entitle the movant to summary judgment. *McCarley*, 960 S.W.2d at 588. The moving party must either conclusively demonstrate an affirmative defense or affirmatively negate an essential element of the nonmoving party's claim. *Id.* If the moving party can demonstrate that the nonmoving party will be unable to carry its burden of proof on an essential element, summary judgment is appropriate. *Id.*

When a party makes a motion for summary judgment in accordance with Tenn. R. Civ. P. 56, the burden shifts to the nonmoving party to establish the existence of disputed material facts or that the moving party is not entitled to judgment as a matter of law. *Id.*; *Staples v. CBL & Assocs.*,

15 S.W.3d 83, 89 (Tenn. 2000). The nonmoving party cannot merely rely on the pleadings, but must demonstrate essential elements of a claim by: 1) pointing to evidence that creates a factual dispute; 2) re-enforcing evidence challenged by the moving party; 3) offering additional evidence which establishes a material dispute; 4) submitting a Tenn. R. Civ. P. 56.06 affidavit explaining the need for additional time for discovery. *McCarley*, 960 S.W.2d at 588.

### *The Summary Judgment Award*

The record before us contains no response filed by Ms. Holland in opposition to MHA's August 20, 2001, motion for summary judgment. The Tennessee rule of civil procedure governing motions for summary judgment provides:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth is a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

> Any party opposing the motion for summary judgment *must*, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreement that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. . . .

Tenn. R. Civ. P. 56.03 (emphasis added).

Courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. *See, e.g., Staples*, 15 S.W.3d at 89; *McCarley*, 960 S.W.2d at 588. Such opposition may be made by pointing to the evidence in the record which indicates disputed material facts. *McCarley*, 960 S.W.2d at 588. Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion.

The statements of material facts submitted by the parties on a motion for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They

are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001)(perm app. denied)(quoting with approval, *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994)). Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. *Id.* Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. *See* ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE, § 9-4(i)(1999)(quoting *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 n.1 (7th Cir. 1995)). Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal. *See Mark VII Transp. Co. v. Belasco*, No. W2002-00450-COA-R3-CV, 2002 WL 31895714, at *4-5 (Tenn. Ct. App. Dec. 30, 2002) (*no perm. app. filed*).

The trial court's order awarding summary judgment to MHA states that the cause came to be heard upon, *inter alia*, MHA's motion for summary judgment and Ms. Holland's response to that motion. We thus assume Ms. Holland filed a response opposing summary judgment as required by Rule 56. However, neither Ms. Holland's response nor the transcript of the hearing on summary judgment is in the record before this Court. Without them, we are unable to determine upon what basis Ms. Holland opposed MHA's motion for summary judgment, what issues she asserted as material and in dispute, or to what evidence she pointed to demonstrate dispute. It is well settled that it is the appellant's obligation to provide this Court with an adequate record upon which we may review the judgment of the trial court. In the absence of an adequate record to review, the appeal must fail. *See, e.g., In re Linville*, No. M2000-01097-COA-R3-CV, 2000 WL 1785991, at *5 (Tenn. Ct. App. Dec. 7, 2000) (*no perm. app. filed*).

In light of the foregoing, we can determine no error in the trial court's award of summary judgment to MHA. Judgment of the trial court awarding summary judgment to MHA is affirmed. Costs of this appeal are taxed to Nina Sue Holland, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE