IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 8, 2010 Session

## FEDERAL NATIONAL MORTGAGE ASSOCIATION, v. ARDESHIR YAVARI BAIGVAND

Appeal from the Circuit Court for Knox County
No. 1-347-09      Hon. Dale Workman, Judge

No. E2009-02670-COA-R3-CV - FILED DECEMBER 10, 2010

Plaintiff foreclosed on defendant's property and filed suit in Sessions Court to obtain possession of the property. Defendant appealed the Judgment for possession to Circuit Court, which granted plaintiff summary judgment. Defendant has appealed to this Court and we affirm the Judgment of the Trial Court, awarding possession of the property to plaintiff.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Ardeshir Yavari Baigvand, Knoxville, Tennessee, *pro se.*

Lawrence W. Kelly, Atlanta, Georgia, for the appellee, Federal National Mortgage Association.

## OPINION

This case originated with the filing of a detainer warrant in the General Sessions Court for Knox County by Federal National Mortgage Association, against defendant Ardeshir Yavari Baigvand, seeking possession of defendant's house located at 3404 Wexgate Circle. A default judgment was entered for the plaintiff, and defendant appealed to Circuit Court. The plaintiff then moved for Summary Judgment, and filed a Statement of Material Facts, stating that on July 30, 1998, defendant executed a Trust Deed securing the mortgage on the

residence located at 3404 Wexgate Circle, which was recorded. Plaintiff set forth that, pursuant to the provisions of the Trust Deed, notice of the foreclosure sale was sent to defendant by certified and regular mail on August 6, 2008, and the property was sold at public auction on September 9, 2008, to plaintiff, pursuant to the provisions of the Trust Deed. Plaintiff stated that the Deed of Trust also provided that in the event of a foreclosure sale, defendant agreed to immediately relinquish the property to the purchaser, and that demand had been made for possession on May 26, 2009, but defendant refused to relinquish possession.

Plaintiff attached an Affidavit of J. Phillip Jones, who stated that he was an attorney who worked on the matter, and that his firm notified defendant by letter that they had been retained to collect the debt owed on the mortgage, which would lead to foreclosure proceedings if not remedied. Jones stated that the firm sent yet another letter notifying defendant of the impending foreclosure sale and containing a copy of the published notice of sale. Jones continued that the property was subsequently sold at auction to plaintiff, and that the Deed of Trust signed by defendant stated that defendant would immediately relinquish possession if the property was sold at a foreclosure sale.

Plaintiff also filed several supporting documents, and an Affidavit of Brian Edge, who stated that he was employed by Prommis Solutions, LLC, as an eviction paralegal. He stated that his employer was hired by the law firm representing plaintiff to file a detainer action to gain possession of the property, and that defendant refused to relinquish the property.

Defendant filed a response, acting *pro se*, wherein he argued various things such as (1) that the detainer action was unlawful because he had lived on the property for 23 years (citing to an adverse possession statute), (2) that the proper address was Wexgate Road instead of Wexgate Circle so the Deed of Trust was incorrect, (3) that various documents appeared fabricated or "did not match", etc. Defendant stated at the end of the document that the Motion for Summary Judgment should be denied, but did not sign the document nor provide an affidavit of any kind.

At a Court hearing on November 20, 2009, the Court held there was no genuine issue of material fact and that plaintiff was entitled to judgment as a matter of law.

Defendant has appealed, and raises this issue:

Did the Trial Court err in granting summary judgment to plaintiff?

Defendant asserts that summary judgment was improperly granted for a number or reasons, including those mentioned above in his response to the summary judgment motion.

Plaintiff asserts that it demonstrated that there was no genuine issue of material fact, and that it was entitled to judgment as a matter of law.

In a prior decision dealing with summary judgments, this Court explained:

The record before us contains no response filed by Ms. Holland in opposition to MHA's August 20, 2001, motion for summary judgment. The Tennessee rule of civil procedure governing motions for summary judgment provides:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth is a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.
>
> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreement that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.
>
> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried....

Tenn. R. Civ. P. 56.03.

Judge Farmer, in *Holland v. City of Memphis,* 125 S.W.3d, 425 (Tenn. Ct. of App. 2003) observed:

Courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. Such opposition may be made by pointing to the evidence in the record which indicates disputed material facts. Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion.

The statements of material facts submitted by the parties on a motion for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

*Holland,* p. 428-429(internal citations omitted).

In this case, plaintiff made a properly supported motion for summary judgment demonstrating that it was entitled to possession of the property, having purchased the property at a foreclosure sale. Defendant did file a response to plaintiff's statement of undisputed material facts, but the response he filed was not sufficient to show that any of the material facts regarding this property were in dispute. *Pro se* litigants are not excused from compliance with the applicable substantive and procedural law that represented parties must follow. *Hodges v. Attorney General*, 43 S.W.3d 918 (Tenn. Ct. App. 2000).

Since the defendant failed to show that there was any dispute of material fact, the Trial Court properly granted summary judgment to the plaintiff.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Ardeshir Yavari Baigvand.

_____
HERSCHEL PICKENS FRANKS, P.J.