IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 26, 2013

## DISCOVER BANK ISSUER OF DISCOVER CARD
## v. LAYTON HOWELL, III

**Appeal from the Circuit Court for Maury County**
**No. 14104     Stella L Hargrove, Judge**

No. M2013-00485-COA-R3-CV - **Filed November 8, 2013**

Plaintiff filed a Complaint on Sworn Account, pursuant to Tennessee Code Annotated § 24-5-107, for unpaid credit card charges against the credit card holder. Plaintiff subsequently filed a motion for summary judgment that was accompanied by a statement of the material facts as to which Plaintiff contended there was no genuine issue for trial, and each fact was set forth in a separate, numbered paragraph as the rule required, with a specific citation to the record. Defendant filed a response objecting to the motion; however, Defendant failed to demonstrate that the facts Plaintiff relied upon in making the motion for summary judgment were, in fact, disputed as required by Tennessee Rule of Civil Procedure 56.03. As a consequence, the facts relied upon by Plaintiff were undisputed and the trial court determined that Plaintiff was entitled to judgment for the amount owed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Geoffrey Coston, Franklin, Tennessee, for the appellant, Layton Howell, III.

Charlotte L. Rhodes and J. Bart Lloyd, Birmingham, Alabama, for the appellee, Discover Bank, Issuer of Discover Card.

## OPINION

The defendant, Layton Howell, III, was issued a credit card account by Discover Bank, Issuer of Discover Card ("Plaintiff"). As with all credit cards, it was issued for

purposes of extending credit to Howell to purchase goods and services or to obtain cash advances.

The Cardmember Agreement accompanied the issuance and delivery of the card. The agreement, under the heading "Using Your Account," expressly stated that "the use of your Account or a Card by you or an Authorized User, or your failure to cancel your account within 30 days after receiving a Card, means you accept this Agreement. . . ." Use of the credit card account was contingent upon assent to the terms and conditions of the cardholder agreement and Howell did use, or authorized the use of the credit card account by others, to purchase goods and services or cash advances.

Thereafter, Plaintiff provided to Howell monthly statements which described amounts due as a result of the use of the credit card and a corresponding request for payment. Significantly, Howell initially made monthly payments to Plaintiff for amounts due on the card, as requested by the monthly statements and according to the terms of the credit card agreement.

As time passed, Howell subsequently failed to make timely payments. As a result, the account went into default. Although the Cardmember Agreement states under "Your Billing Rights" that any disputes the customer has should be made in writing no later than 60 days after the bill is sent; Howell did not submit any written disputes to Plaintiff concerning the monthly statements submitted to him.

Howell has not made a payment since June 4, 2009, rendering the account past due and Howell in default of the terms of the cardholder agreement. The sworn statement of account reveals an unpaid principal balance of $7,378.42 is owing.

On December 2, 2011, Plaintiff filed a Complaint against Howell to recover the indebtedness owing on the credit card account. Acting *pro se*, Howell filed an answer and sworn denial of the account on January 6, 2011; he denied all allegations in the Complaint in a sworn denial stating: "I Layton N. Howell III deny this is my debt and if it is my debt, I deny that it is a valid debt and if it is a valid debt, I deny the amount sued for is the correct amount."

Thereafter, Howell filed motions including the following: Motion to Strike Plaintiff Affidavit, Motion to Dismiss for failure to Comply with Rule 6, Motion to Dismiss and Motion for Plaintiff to Comply with "Indiana" Trial Rule 25. Plaintiff filed a timely response

in opposition to each motion. The trial court heard the motions on February 24, 2012, and entered an order denying the motions on March 13, 2012.[1]

Plaintiff subsequently filed a Motion for Summary Judgment, Plaintiff's Statement of Undisputed Facts, Supporting Affidavit of Natasha Szczygiel, Attorney Placement Manager for DB Servicing Corporation, the servicing agent for Discover Bank, and the written application through which Howell applied for the Discover Card, Howell's Credit Card Account Statements and the Cardmember Agreement between Howell and Plaintiff. The Motion for Summary Judgment was set to be heard on August 24, 2012. A date for the trial, if one was necessary, was set for September 28, 2012.

Howell did not timely file a proper response to Plaintiff's Motion for Summary Judgment. On August 24, 2012, the day of the hearing, Plaintiff's attorney was informed by the trial court that Howell provided a "response" the day prior to the hearing, but the original was not filed with the clerk's office and a copy was not received by Plaintiff's attorney until after the hearing. Nevertheless, Howell's response to Plaintiff's Motion for Summary Judgment did not comply with Tennessee Rule of Civil Procedure 56.03.

At the hearing on the motion, Howell requested a continuance. The trial court granted a continuance but the court ordered that Howell would not be allowed to file any additional documents in response to the motion for summary judgment. The hearing date for the motion was reset for September 28, 2012; the trial, which had been set for that day, was continued pending the outcome of the motion.

Howell filed another Response to Plaintiff's Motion for Summary Judgment on September 14, 2012; this response was filed by Howell's attorney, Geoffrey Coston, who had just been retained. The response was supported by an affidavit by Howell. One week later, Plaintiff filed a Motion to Strike Howell's Response based on the previous order that prohibited Howell from filing any additional responses to the Motion and upon Howell's failure to timely file his response and the response not complying with Tennessee Rule of Civil Procedure 56.03. Plaintiff's motion to strike was set to be heard on September 28, 2012. The parties appeared for the hearing but, by agreement, all matters were reset for hearing on December 6, 2012.

After hearing oral arguments from both parties on December 6, 2012, the court took the matter under advisement. In a Memorandum issued on December 11, 2012, the trial court granted Plaintiff's Motion to Strike Howell's Response to Motion for Summary Judgment

---

[1] During the course of the proceedings, the trial court encouraged Howell to obtain an attorney, or at least to consult with one, and granted a continuance for Howell to do just that.

and granted Plaintiff's Motion for Summary Judgment. An Order, entered on January 10, 2013, incorporated the trial court's Memorandum and awarding judgment in favor of Plaintiff and against Howell for the amount sought in the Complaint.

Thereafter, Howell filed a timely notice of appeal.[2]

## ANALYSIS

Tennessee Rule of Civil Procedure 56.01 permits a party seeking to recover upon a claim to move, with or without supporting affidavits, for a summary judgment in the party's favor upon all or any part thereof. Further, Tennessee Rules of Civil Procedure 56.03 provides:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

> *Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.*

> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

---

[2] Howell did not identify any issues in his brief. Upon reading his brief it is apparent that he is challenging the grant of Plaintiff's motion for summary judgment and the award of a judgment of $7,378.42.

If the non-moving party has asserted additional facts, the moving party shall be allowed to respond to these additional facts by filing a reply statement in the same manner and form as specified above.

(Emphasis added).

In this case, Plaintiff was the moving party and Howell was the non-moving party. Plaintiff filed a motion that was accompanied by a separate concise statement of the material facts as to which Plaintiff contended there was no genuine issue for trial, and each fact was set forth in a separate, numbered paragraph as the rule required, with a specific citation to the record. Howell, as the non-moving party, had the option to either agree that each fact was undisputed or *demonstrate* that some or all of the facts were disputed. As the rule expressly mandates, if Howell elected to dispute any fact, then each fact he disputed had to be supported by specific citation to the record, meaning a specific citation to an affidavit or deposition testimony of a witness in the record.

By opposing the motion for summary judgment, Howell had the affirmative duty to *file a response to each fact* set forth by Plaintiff; however, Howell failed to dispute any fact set forth by Plaintiff. Admittedly Howell filed a *response* to the motion for summary judgment stating his opposition to the motion, yet, he failed to *demonstrate* that the facts Plaintiff relied upon in making the motion for summary judgment were, in fact, disputed. When a motion for summary judgment is properly supported, "the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. [Failing to do so], summary judgment, if appropriate, shall be entered against the adverse party." Tenn. R. Civ P. 56.06.

"It is well-settled that, when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted." *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539-40 (Tenn. Ct. App. 2012) (citing *Holland v. City of Memphis*, 125 S.W.3d 425, 428–29 (Tenn. Ct. App. 2003)). Thus, due to Howell's failure to demonstrate that any of the facts in Plaintiff's statement of undisputed facts were disputed, as required by the rule, all of the facts set forth by Plaintiff are undisputed.

Because the material facts are undisputed, the issue for this court to consider is whether Plaintiff was entitled to summary judgment as a matter of law.

Plaintiff's Motion for Summary Judgment was supported by the affidavit of Natasha Szczygiel, Plaintiff's record keeper, pursuant to Tennessee Rule of Evidence 902(11) and 803(6). By her affidavit, Plaintiff set forth as fact, which is now undisputed, the Cardmember

Agreement, the written application, evidence of the monthly billing statements, each of which bore the name Layton N. Howell, III, the billing statements were mailed to Howell at his address of record, that, as time passed, Howell failed to remit payments, that he did not submit any writing to dispute the monthly statements, and that a balance of $7,378.42 was owing.

We have determined that the motion for summary judgment and evidence relied upon by Plaintiff complied with the requirements of Tennessee Rules of Civil Procedure 56.06 and Tennessee Rules of Evidence 902(11) and 803(6). We have also determined that Howell's failure to properly respond in a timely manner to Plaintiff's Motion for Summary Judgment, and his failure to present competent and specific evidence to establish a genuine issue of material fact, the facts are assumed correct and undisputed, and the undisputed facts demonstrate that Plaintiff is entitled to judgment as a matter of law and is entitled to the monetary judgment rendered by the trial court.

### IN CONCLUSION

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against Appellant, Layton N. Howell, III.

_____
FRANK G. CLEMENT, JR., JUDGE