# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 8, 2016 Session

## CINCINNATI INSURANCE COMPANY v. JOSIE ROCHELLE MALONE

### Appeal from the Circuit Court for Rutherford County
### No. 65982     J. Mark Rogers, Judge

_____

### No. M2015-02362-COA-R3-CV – Filed October 7, 2016

_____

This is an appeal from an order granting summary judgment in which Defendant argues that summary judgment was improper because a dispute of material fact exists regarding her affirmative defenses. Finding no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Lorraine Wade, Nashville, Tennessee, for the appellant, Josie Rochelle Malone.

Ryan N. Clark, Nashville, Tennessee, for the appellee, Cincinnati Insurance Company.

## OPINION

Josie Rochelle Malone ("Defendant") was the court-appointed conservator for her mother from 1997 to 2012. As conservator, Defendant acquired a $125,000 bond with Cincinnati Insurance Company ("Cincinnati").[1] The terms of this bond required, *inter alia*, that Defendant pay an annual premium of $560.00. Further, Defendant agreed "to completely indemnify [Cincinnati] from and against any liability, . . . attorneys fees, and expenses whatsoever," which Cincinnati should sustain as surety on the bond.

The bond premiums were due every November. Defendant paid the bond premiums on a relatively timely basis between November 2000 and November 2008. Defendant failed to pay the annual premium in November 2009. As a result, Cincinnati

_____

[1] Tenn. Code Ann. § 34-1-105 requires a party named as a fiduciary to post a bond to protect the assets of the ward against loss. *See In re Conservatorship of Childs*, No. M2008-02481-COA-R3-CV, 2011 WL 51740, at *6 (Tenn. Ct. App. Jan. 5, 2011).

sent a letter to the chancery court on September 23, 2010, requesting that the premium be paid or that the court release Cincinnati from the bond. Three weeks later, on October 18, 2010, Defendant belatedly paid the premium that had been due since November 2009.

In August 2011, before the court took action on Cincinnati's requests, the Clerk and Master filed a number of reports with the chancery court outlining several irregularities relating to Defendant's handling of the conservatorship. Following an evidentiary hearing, the chancery court found numerous deficiencies with Defendant's accounting and on May 9, 2012, entered judgment against Defendant for $12,932.79. When Defendant did not pay or appeal this judgment, the court entered an order executing on Cincinnati's bond. Thereafter, Cincinnati paid the judgment of $12,932.79.

On January 11, 2013, Cincinnati sued Defendant in general sessions court for indemnity on the $12,932.79 payment and for attorney's fees. Defendant did not appear for the hearing on the civil warrant or otherwise defend the action and the court entered a default judgment against Defendant.

Defendant timely appealed to the circuit court where she asserted two affirmative defenses—the failure to mitigate damages and the doctrine of laches. Specifically, Defendant presented the novel argument that Cincinnati had a duty to terminate the bond when she failed to pay her premiums, and by failing to do so, Cincinnati failed to mitigate its damages. Similarly, Defendant contended that by not terminating the bond for three years before judgment was entered, Cincinnati unreasonably delayed in pursuing its rights; thus, the defense of laches should also apply.

Cincinnati filed a motion for summary judgment arguing that the undisputed facts show that Defendant breached the indemnity agreement. Defendant filed a response in which she did not dispute the facts relating to her failure to indemnify Cincinnati, but argued that summary judgment was inappropriate because questions of fact remain regarding her affirmative defenses. Although Defendant described the facts supporting her affirmative defenses in her response to the motion, Defendant did not file a statement of additional material facts.[2]

After considering these arguments, the circuit court held that, in asserting her affirmative defenses, Defendant failed to comply with Tenn. R. Civ. P. 56.03, which required Defendant to identify the facts purportedly establishing a factual dispute on her defenses. Thus, the court granted Cincinnati's motion for summary judgment and ordered Defendant to pay Cincinnati $24,180.89. Defendant appealed and argues that the circuit court erred in granting Cincinnati's motion for summary judgment.

---

[2] Several months later Defendant filed a statement of additional material facts; however, Defendant subsequently withdrew this statement.

ANALYSIS

Tenn. R. Civ. P. 56.03 requires that a party opposing a motion for summary judgment file a response to each fact set forth in the movant's statement of undisputed facts. Additionally,

> [T]he non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

Tenn. R. Civ. P. 56.03. "Although the trial court may, at its discretion, waive the requirements of [Rule 56.03] where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record." *Holland v. City of Memphis*, 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003).

In this case, Defendant failed to file a statement of additional material facts as contemplated by Rule 56.03. Thus, the circuit court properly determined that Defendant failed to establish a dispute on her affirmative defenses. However, even if Defendant's response is considered sufficient, we believe summary judgment was proper in this case.

Under the defense of mitigation of damages, "the party injured by the wrongful act of another has a legal duty to exercise reasonable and ordinary care under these circumstances to prevent and diminish the damages." *Carolyn B. Beasley Cotton Co. v. Ralph*, 59 S.W.3d 110, 115 (Tenn. Ct. App. 2000) (citations omitted). To the extent that the injured party fails to do so, he or she cannot recover. *Memphis Light, Gas & Water Div. v. Starkey*, 244 S.W.3d 344, 353 (Tenn. Ct. App. 2007). However, the injured party is not required to mitigate damages where the duty would impose an undue burden or be impossible under the circumstances. *Id.*

Similarly, the doctrine of laches provides that "equity will not intervene on behalf of one who has delayed unreasonably in pursuing his rights." *Dennis Joslin Co., LLC v. Johnson*, 138 S.W.3d 197, 200 (Tenn. Ct. App. 2003). Laches has two essential elements: (1) an inexcusably long delay caused by the claimant's negligence in asserting its claim; and (2) an injury to another's rights resulting from this delay. *State ex rel. Elvis Presley Int'l Mem'l Found. v. Crowell*, 733 S.W.2d 89, 101 (Tenn. Ct. App. 1987).

Defendant argues that Cincinnati failed to mitigate its damages by not terminating the bond after Defendant failed to pay its premiums. However, the record indicates that Cincinnati requested permission from the chancery court to be released from the bond,

but the court did not grant this permission. Without such permission, Cincinnati was obligated to remain as surety on the bond and Defendant's failure to pay the premiums is immaterial. *See* Tenn. Code Ann. § 29-33-107 ("The surety of any guardian . . . who conceives the surety to be in danger of suffering by the suretyship, and desires to be relieved therefrom, may file a petition, in writing, in the . . . court having cognizance of the estate or fund."); *Hartford Accident & Indem. Co. v. White*, 115 S.W.2d 249, 252 (Tenn. Ct. App. 1937) (holding that whether or not to grant a surety relief from an executor's bond was within the court's discretion). Thus, Defendant's argument regarding the failure to mitigate damages is without merit.

Further, the record lacks any indication that Cincinnati delayed in asserting its breach of contract claim. Instead, although Cincinnati had up to six years to file suit, *see* Tenn. Code Ann. § 28-3-109, Cincinnati filed suit only four months after paying the judgment. Additionally, Defendant has not provided evidence showing that she was prejudiced from this four-month "delay." Thus, we are also unpersuaded by Defendant's argument regarding the defense of laches.

For the forgoing reasons, we conclude that the circuit court properly granted Cincinnati's motion for summary judgment.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Josie Rochelle Malone.

_____
FRANK G. CLEMENT, JR., P.J., M.S.