**FILED**

**July 26, 2017**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:17 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| **DAMIONE ICE,** | ) | |
| **Employee,** | ) | **Docket No.: 2016-01-0366** |
| **v.** | ) | |
| **DION DAVE AND ANITA DAVE** | ) | **State File No.: 57572-2016** |
| **(NETIA REEL-DAVE), D/B/A D&N** | ) | |
| **TRANSPORTATION, INC. AND/OR** | ) | **Judge Thomas Wyatt** |
| **DNT TRANSPORT,** | ) | |
| **Uninsured Employers.** | ) | |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the undersigned Workers' Compensation Judge on July 17, 2017, upon Mr. Ice's Motion for Summary Judgment. Mr. Ice seeks summary judgment establishing: (1) he was an employee of Dion Dave, Anita Dave (Netia Reel-Dave) and D&N Transportation (hereinafter, collectively referred to as "the D&N parties") on the date of injury; (2) the D&N parties employed more than five regular employees from 2009 until 2012 and never administratively filed to remove their status as a covered employer; (3) on April 28, 2016, he suffered second-degree burns to his right hand and left thumb that arose primarily out of and in the course and scope of employment by the D&N parties; (4) due to his compensable injury, he was totally disabled from working from April 29, 2016, to May 31, 2016, thus entitling him to temporary total disability benefits in the amount of $2,121.40; (5) his compensable injury required emergent treatment at Doctor's Hospital in Augusta, Georgia for which he was billed $39,353.22; and (6) he is eligible for payments from the Uninsured Employer's Fund.

For the reasons set forth below, the Court finds Mr. Ice is entitled to summary judgment on all the matters discussed above.

1

## History of the Claim

Mr. Ice filed a Petition for Benefit Determination on July 19, 2016, seeking benefits based on burn injuries he sustained April 28, 2016. He later filed a Request for Expedited Hearing, to which the D&N parties responded, seeking a determination on the record that he was entitled to medical and temporary disability benefits. On March 22, 2017, the Court entered an Expedited Hearing Order holding Mr. Ice would likely prevail at a hearing on the merits in establishing the compensability of his claim and his entitlement to medical and temporary disability benefits.

Mr. Ice filed his Motion for Summary Judgment on June 5, 2017. The D&N parties did not file a timely response. On July 17, at the originally-scheduled oral argument on Mr. Ice's motion for summary judgment, counsel for the D&N parties made an oral motion for an extension of time to respond to the summary judgment motion. Counsel for Mr. Ice objected and the Court took the matter under advisement and delayed the oral argument. On July 18, the Court denied the D&N parties' motion for an extension of time. Thus, the Court considers Mr. Ice's motion to be unopposed. *See* Rule 4.01(B) of the Practices and Procedures of the Court of Workers' Compensation Claims (Jan. 2017).

Neither party requested an oral argument of the unopposed Motion for Summary Judgment. Accordingly, the Court decides the motion on the record.

## Decision

### Legal Authority

Rule 56 of the Tennessee Rules of Civil Procedure (2016) governs the determination of summary judgments in the Court of Workers' Compensation Claims. *See Syph v. Choice Food Group, Inc.,* 2016 TN Wrk. Comp. App. Bd. 18, at *20-22 (Apr. 21, 2016). Rule 56.04 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also* Tenn. R. Civ. P. 56.06 (2016). The Appeals Board wrote in *Syph,* at *21:

> '[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56],' to survive summary judgment, the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'"

Likewise, the Workers' Compensation Appeals Board has described a non-movant's obligation to respond to a Statement of Undisputed Facts as a requisite one. *See Mitchell v. Ranstad North America,* 2017 TN Wrk. Comp. App. Bd. LEXIS 2, at *8 (Jan. 13, 2017). In discussion of a court's options when a party does not file a response to a Statement of Undisputed Facts, the Court of Appeals held in *Holland v. City of Memphis,* 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003):

> Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. Thus, the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

(Internal citations omitted.)

*See also Cardiac Anesthesia Servs., PLLC v. Jones,* 385 S.W.3d 530, 539 (Tenn. App. 2012), holding "when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted."

In view of the above authority, the Court deems that the D&N parties' failure to respond to Mr. Ice's Statement of Undisputed Facts indicates their admission of the following facts set forth in the statement and the documentary exhibits to which it refers:

1. Mr. Ice was an employee of the D&N parties on April 28, 2016, when he suffered burns to his right hand and left thumb while performing duties near Graniteville, South Carolina, in the course and scope of his employment by the D&N parties;

2. The D&N parties regularly employed more than five drivers from 2009-2012 and never administratively filed to remove their status as a covered employer so as to establish their exemption from providing benefits under the Workers' Compensation Law;

3. Mr. Ice's burn injuries required emergent treatment at the burn unit at Doctors Hospital in Augusta, Georgia. Mr. Ice incurred bills totaling $39,353.22 for the treatment necessitated by his burn injuries;

3

4. Mr. Ice's burn injuries totally disabled him from April 28, 2016, until May 31, 2016, a period of four weeks and five days;

5. Mr. Ice's average weekly wage was $675.00, entitling him to a compensation rate of $450.00 per week;

6. The D&N parties were uninsured for workers' compensation risks on the date of Mr. Ice's injury and did not pay any workers' compensation benefits to him for his burn injuries;

7. Mr. Ice resided in Tennessee at the time his burn injuries occurred;

8. The Amended Expedited Request for Investigation Report of the Bureau's Compliance Specialist in the Court's file indicates that the specialist received a Request for Investigation of the D & N parties arising from Mr. Ice's injury twelve days after the injury. Accordingly, Mr. Ice gave the Bureau notice of his injury within sixty days of the occurrence of the injury; and

9. Mr. Ice retained Attorney Mike Wagner to represent him in this claim based on a contingency fee of twenty percent of Mr. Ice's recovery, plus expenses.

The Court finds that the undisputed facts set forth above entitle Mr. Ice to workers' compensation benefits as a matter of law. Mr. Ice's burn injuries arose primarily out of and in the course and scope of employment as defined by the Tennessee Workers' Compensation Law. Tenn. Code Ann. § 50-6-102(14) (2016). Tennessee Code Annotated section 50-6-204 (2016) requires an employer to provide free of charge to the employee all reasonable and necessary treatment of a work injury. The treatment Mr. Ice received in Georgia for his injuries was reasonable and necessary to treat his compensable burn injuries. As such, the D&N parties are liable to pay the charges billed to Mr. Ice for the subject treatment.

Tennessee Code Annotated section 50-6-207(1) (2016) provides for an employee's entitlement to temporary total disability benefits when a work injury totally disables the employee from working. The statute provides a weekly disability benefit to an employee temporarily totally disabled due to a work injury based on two-thirds of the employee's average weekly wage. Mr. Ice established a compensation rate of $450 per week and a period of disability of four weeks and five days. Thus, as a matter of law, he is entitled to an award of $2,121.40 in temporary total disability benefits.

4

Under Tennessee Code Annotated section 50-6-801(d) (2016), the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and who meet the following criteria:

1. The employee worked for an employer who failed to carry workers' compensation insurance;

2. The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;

3. The employee was a Tennessee resident on the date of injury;

4. The employee provided notice to the Bureau of the injury and of the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred; and

5. The employee secured a judgment for workers' compensation benefits against the employer for the injury in question.

The facts Mr. Ice established on summary judgment provide the factual basis for his recovery from the Bureau's Uninsured Employers Fund under the above-listed criteria. The Court finds that, as a matter of law, Mr. Ice established that he is eligible for payments from the Uninsured Employers Fund.

The Court considers its award of summary judgment to constitute a full and final disposition of all benefits sought by Mr. Ice in this claim. *See Harrogate Corp. v. Systems Sales Corp.,* 915 S.W.2d 812, 816 (Tenn. App. 1995), holding "[s]ummary judgment resolves the [issues] treated on their merits and is a final judgment for purposes of res judicata." Counsel for Mr. Ice indicated his client intended that his summary judgment motion would address all benefits to which the Workers' Compensation Law might entitle him, including a claim for permanent disability benefits. Based on this assertion, the Court considers that Mr. Ice waived his claim for permanent disability benefits when he submitted no evidence on summary judgment seeking to establish his entitlement to permanent disability benefits.

**IT IS, THEREFORE, ORDERED** that Mr. Ice's Motion for Summary Judgment is granted, entitling him to the following benefits:

1. Payment of the charges Mr. Ice incurred for treatment of his burn injuries at Doctors Hospital, Augusta, Georgia;

2. Future reasonable and necessary treatment of Mr. Ice's burn injuries by physicians he sees through the burn unit at Doctors Hospital, August, Georgia;

5

3. Temporary disability benefits from April 29, 2016, until May 31, 2016, in the amount of $2,121.40;

4. Mr. Ice's claim for permanent disability benefits is denied because he waived that claim by failing to submit evidence in support of permanent disability benefits in his summary judgment motion;

5. Eligibility to request payment of temporary disability benefits from April 29, 2016, until May 31, 2016, in the amount of $2,121.40, and medical benefits for past and future treatment of his burn injuries through the burn unit at Doctors Hospital, Augusta, Georgia, from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801 et seq. The clerk shall forward a copy of this order to the Administrator.

**ENTERED this the 26th day of July, 2017.**

**THOMAS WYATT, JUDGE**
Court of Workers' Compensation Claims

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Order Granting Summary Judgment was sent to the following recipients by the following methods of service on this the 26th day of July, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Mike Wagner, Attorney | | | X | maw@wagnerinjury.com |
| Art Grisham, Attorney | | | X | art@grishamattorney.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov