IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 5, 2025 Session

## CRAIN LAW GROUP, PLLC v. JENNA RENEE AMACHER

**Appeal from the Circuit Court for Coffee County**
**No. 24-CV-49349    Robert Thomas Carter, Judge**

_____

### No. M2024-01369-COA-R3-CV

_____

This appeal arises from a breach of contract claim. The trial court granted Appellee's motion for summary judgment after Appellant's counsel failed to respond or otherwise appear to oppose the motion. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J., and W. NEAL MCBRAYER, J., joined.

Drew Justice, Murfreesboro, Tennessee, for the appellant, Jenna Renee Amacher.

Emily Castro, Brentwood, Tennessee, for the appellee, Crain Law Group PLLC.

### MEMORANDUM OPINION[1]

### I.    BACKGROUND AND PROCEDURAL HISTORY

The underlying facts in this matter are largely undisputed. Jenna Renee Amacher ("Appellant") retained Crain Law Group, PLLC ("Appellee") to defend her in a pending *quo warranto* action in chancery court. Appellee provided an engagement letter to

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellant on December 15, 2022, which required Appellant to pay a non-refundable retainer of $5,000. The engagement letter further provided that Appellee would "bill against [the] retainer at a rate of $375.00 per hour." Any expenses advanced on Appellant's behalf would be invoiced by Appellee, and all invoices "shall be due upon receipt." Appellant signed the engagement letter, which included a provision that she read, understood, and agreed with the terms included therein, on January 12, 2023.

After the dismissal of the *quo warranto* action, Appellee sent Appellant a final, itemized statement for the legal services and expenses advanced. Appellant did not pay the bill. Appellee then filed a complaint against Appellant for breach of contract and attached the engagement letter and seven separate invoices from January through August of 2023. Appellant filed an answer admitting the bill remained unpaid; however, she denied "that the claim is valid or [is] the amount actually owed." Appellant further alleged that the contract did not allow for hourly billing beyond the $5,000 retainer without her authorization. Appellant asserted waiver, estoppel, unclean hands, and unconscionability as affirmative defenses.

On June 13, 2024, Appellee filed a motion for summary judgment, a memorandum of law, and a statement of undisputed material facts in support of the motion. The trial court set a hearing for Appellee's motion for summary judgment on August 12, 2024. Appellant filed no response in opposition to the motion or the statement of undisputed facts. The statement of the proceedings at the hearing indicates that when the trial court called the case on August 12, no one appeared on behalf of Appellant. The trial court concluded that the genuine issues of material fact were undisputed and that Appellee was entitled to judgment as a matter of law. The trial court entered the order granting summary judgment on September 6, 2024.

After failing to attend the summary judgment hearing, Appellant's counsel filed a motion to revise, alter, or amend the order granting summary judgment that same day. Appellant sought revision of the order under Tennessee Rule of Civil Procedure 54.02 or, in the alternative, under Rule 59.04 for mistake and legal error. Appellant's counsel contended that he was unaware of the hearing until after it concluded. Appellant further asserted that the trial court erred in granting the motion based on Appellant's failure to appear because the trial court "should have made its own findings of fact and law about whether the motion had merit."

At the court hearing on the motion to revise, alter, or amend, Appellant's counsel argued that, while he was not present on August 12 when the trial court called the case, counsel was informed that the trial judge used the word "default" when granting summary judgment. Accordingly, the trial court erred by "impos[ing] a default for a summary judgment." The trial court reviewed the record during the hearing and noted that Appellant had not filed a responsive pleading at least five days before the hearing as required by Rule 56.03. Further, the trial court emphasized that counsel had yet to file a response to the

summary judgment motion outside of the motion to revise, alter, or amend. The trial court declined to revise the previous order granting summary judgment and instructed Appellee to prepare the order denying the motion to revise, alter, or amend.

## II.     ISSUES PRESENTED

Appellant presents the following issues for review:

1.  Whether the trial court wrongly granted the plaintiff's motion for summary judgment by default, and without making its own findings, even though the motion was improperly supported in the first place.

2.  Whether the trial court wrongly denied the motion for reconsideration, which alleged clear error of law.

3.  Whether the trial court wrongly allowed the plaintiff to craft the post-judgment order, changing its ruling to find inexcusable neglect.

## III.     STANDARD OF REVIEW

We review the trial court's grant of summary judgment *de novo*, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). As part of our review, we accept the evidence presented by the nonmoving party, "allow all reasonable inferences in its favor; and resolve any doubts about the existence of a genuine issue of material fact in favor of" the nonmoving party. *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 84 (Tenn. 2008)).

We review a trial court's ruling on a motion to alter or amend under an abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). Under this standard, we will not reverse the court's decision unless it "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that cause[d] an injustice to the complaining party." *Id.* (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)). This is not an opportunity for the appellate court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). The "trial court's ruling 'will be upheld as long as reasonable minds can disagree as to [the] propriety of the decision made.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

## IV. DISCUSSION

1. <u>Summary Judgment</u>

The trial court granted Appellee's motion for summary judgment based on the determination that there were no genuine issues of material fact and that Appellee was entitled to judgment as a matter of law. Appellant, however, contends the motion was granted due to Appellant's failure to file a response to the motion, a response to the statement of undisputed facts, or attend the summary judgment hearing. Appellant's counsel argues that regardless of these failures, the trial court erred in granting summary judgment because it did not make its own sufficient findings.

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *JCR, LLC v. Hance*, No. E2022-00765-COA-R3-CV, 2023 WL 5528597, at *4 (Tenn. Ct. App. Aug. 28, 2023) (quoting *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)). As the moving party, Appellee bore the initial burden to prove (1) that there were no genuine issues of material fact and (2) that it was entitled to judgment as a matter of law. Appellee filed a statement of undisputed material facts in support of the motion stating, in relevant part:

1. Appellant retained Appellee to defend her in a pending *quo warranto* action in the Coffee County Chancery Court.

\*\*\*

4. The *quo warranto* action resulted in dismissal.

\*\*\*

7. Appellee provided Appellant with a final, itemized statement for the legal services provided and expenses advanced on September 7, 2023.

8. Fees in the amount of $79,249.38 remained due at the time of filing the complaint.

9. Appellee's requested fees are reasonable and comply with Rule 1.5 of the Tennessee Rules of Professional Conduct.

Appellant did not file any statement, motion, memorandum, or affidavit indicating a genuine issue of material fact existed. "The requirements of Tennessee Rule of Civil Procedure 56.03 are mandatory, and it is not the duty of the court, trial or appellate, to search the record in order to find a material dispute of fact." *Williams v. Watson*, No. E2005-02403-COA-R3-CV, 2007 WL 187925, at *9 (Tenn. Ct. App. Jan. 25, 2007); *see also Owens*, 77 S.W.3d at 775 (referring to the requirements of Rule 56.03 as "strict"). Trial courts may waive the requirements of Rule 56.03 in certain circumstances, but neither party requested such here. *See id.* (finding that the trial court "acted within its discretion in

choosing to strictly enforce those requirements" of Rule 56.03); *see also Holland v. City of Memphis*, 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003) ("Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party."); *Brennan v. Goble*, No. E2020-00671-COA-R3-CV, 2021 WL 2156443, *6 (Tenn. Ct. App. May 27, 2021) ("[A] trial court may consider statements of fact as admitted when a non-moving party fails to respond to the moving party's statement of material facts.").

In this case, Appellee maintains that its statement of material facts repeated the allegations in the initial verified complaint. We agree. The trial court properly adopted the allegations of the complaint as true insofar as Appellee's statement of material facts mirrored those allegations. *See* Tenn. R. Civ. P. 56.03. Appellant filed no written response disputing these facts as required by Rule 56.03. Compounding Appellant's noncompliance with the rules is Appellant's failure to attend the August 12 summary judgment hearing. At the hearing, the trial court called the case, reviewed the record before it, determined that there were no genuine issues of material fact, and that Appellee was entitled to judgment as a matter of law. The trial court stated in its September 6 order granting summary judgment "that there exist sufficient undisputed factual allegations to support the relief requested[.]" Notably, the trial court's written order does not include the word "default" in contravention of Appellant's argument that the trial court granted a default judgment. The trial court based its grant of summary judgment on Appellant's failure to file a response, appear at the hearing, *and* its own review of the record.

Even further, during the oral argument before this Court, Appellant's counsel stated that "[he] negligently failed to respond to a motion for summary judgment . . . and as a result, the judge summarily ruled against [Appellant][.]" This "summary" denial is the command of Rule 56.03 when the nonmoving party fails to demonstrate an issue of material fact. *See C&C N. Am. Inc. v. Natural Stone Distribs., LLC*, 571 S.W.3d 254, 267 (Tenn. Ct. App. 2018) ("[T]he material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party.") (quoting *SunTrust Bank v. Ritter*, No. E2017-01045-COA-R3-CV, 2018 WL 674000, at *5 (Tenn. Ct. App. Feb. 1, 2018)).

Appellant argues that the grant of summary judgment did not take into consideration her affirmative defenses. However, "the burden of proving an affirmative defense is on the party asserting it." *Tenn. Farmers Mut. Ins. Co. v. Farrar*, 337 S.W.3d 829, 837 (Tenn. Ct. App. 2009). Appellant's lack of any response to the motion for summary judgment meant the trial court was entitled to ignore those defenses for lack of factual support. *See Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001).

Upon our *de novo* review of the record, we conclude that the engagement letter signed by Appellant provided that Appellee would "bill against [the] retainer at a rate of $375.00 per hour" for the legal services rendered. Further, the engagement letter indicated

all invoices "shall be due upon receipt." Appellant signed the engagement letter indicating she read, understood, and agreed with the terms included therein. Further the record includes a verified complaint for an amount owed by Appellee to Appellant pursuant to a contract for legal services. Appellee failed to dispute any of these facts. We affirm the trial court's order granting Appellee's motion for summary judgment.

### 2. Motion for Reconsideration

Appellant also argues that the trial court erred in denying the motion to revise, alter, or amend the order granting Appellee's motion for summary judgment. Appellant argues that the trial court improperly denied the motion pursuant to Rule 54.02 because the motion "alleged [a] clear error of law." Appellee asserts that the trial court did not grant a default judgment, which renders Rule 54.02 inapplicable to this appeal. We agree.

Appellant next argues that the trial court erred in denying the motion to alter or amend the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. There are four basic grounds to support a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in law; and (4) other manifest injustice. *Relliford v. Burks*, No. W2022-00997-COA-R3-CV, 2025 WL 26106, at *4 (Tenn. Ct. App. Jan. 3, 2025) (citing *Parigin v. Mills*, No. E2016-00640-COA-R3-CV, 2017 WL 1032740, at *5 (Tenn. Ct. App. Mar. 16, 2017)); *see also Burris v. Burris*, 512 S.W.3d 239, 245 (Tenn. Ct. App. 2016) (quoting *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) ("The [Rule 59.04] motion should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice.")).

Appellant contends that the trial court made a clear error of law in granting the motion because it did not make its own independent findings regarding whether summary judgment was proper. She argues that she should not "lose simply for not filing a written response[.]" However, it was Appellant's burden to demonstrate under Rule 56.03 that genuine issues of material fact existed to necessitate further proceedings. The trial court found that Appellant failed to meet that burden. Specifically, the trial court articulated that "[d]efaults are disfavored in the law, but essentially I have to find excusable neglect and a meritorious defense. Without even ruling on excusable neglect—there has been no responsive pleading filed in this case, and I—you know, if I can't receive these defensive arguments on the 12th of [August] [sic], then when am I going to hear them?"

The trial court's order granting summary judgment complied with Rule 56. The order indicates that the trial judge reviewed the record and notes that Appellant failed to file a written response or appear at the hearing to defend against the motion. Without reaching the question of excusable neglect, the trial court determined that it could not

evaluate whether Appellant brought forth a meritorious defense because no responsive pleadings appeared in the record. Further, the trial court noted that there existed "sufficient undisputed factual allegations" to support Appellee's requested relief. Accordingly, the order granting summary judgment outlines the trial judge's rationale and the use of the court's independent judgment. We affirm the trial court.

### 3. Opposing Counsel's Preparation of Orders

Appellant argues that Appellee's preparation of the order denying the motion to revise, alter, or amend was improper. Specifically, Appellant assigns error to Appellee's preparation by stating that the court let Appellee "put words in its mouth[.]" Appellee contends that the written orders coincide with the trial court's oral rulings and statements from the bench.

A court speaks through its written orders. *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015). Our Supreme Court has emphasized that a trial court's decisions must result from its own independent judgment. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 312 (Tenn. 2014). "Providing reasons for a decision reinforces the legitimacy of the legal process which, in turn, promotes respect for the judicial system." *Id.* at 313 (citing John J. Brunetti, *Searching for Methods of Trial Court Fact–Finding and Decision–Making*, 49 Hastings L.J. 1491, 1495 (1998)). A court may accept an order prepared by a party when two conditions exist: (1) "the findings and conclusions must accurately reflect the decision of the trial court" and (2) "the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id.* at 316 (internal citations omitted).

Appellant argues that Appellee changed the trial court's ruling to one finding inexcusable neglect. Even though the trial court declined to rule on whether Appellant's failure to respond or attend the hearing amounted to excusable neglect, the September 10 order denying the motion to revise, alter, or amend prepared by Appellee provided:

> The Court does not find that the Defendant has carried her burden under either Rule 59 or Rule 60 [of the Tennessee Rules of Civil Procedure] to establish excusable neglect. The statements of counsel for the Defendant in open court that he was too busy with other cases, and failed to devote proper attention to the Plaintiff s motion do not constitute excusable neglect.

We are unpersuaded by the Appellant's argument. First, as noted above, a court may accept and approve an order prepared by a party. *See Smith*, 439 S.W.3d at 316. Further, Appellant has failed to cite to the record to establish that the above quote does not represent the findings and conclusions of the trial court. *See id.* Appellant has failed to create doubt whether the decision represents the trial court's own deliberations and decision. *See Id.*

Accordingly, we find no error with the trial court approving the order submitted by counsel for Appellee.

## V. CONCLUSION

For the reasons set forth above, the trial court's entry of summary judgment is affirmed. Costs of this appeal are taxed to Appellant, Jenna Renee Amacher, for which execution may issue if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE