IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2019

## SHAUNEILLE SHARIFA (MORTON) v. WELLS FARGO/ASC

**Appeal from the Circuit Court for Davidson County**
**No. 16C1869        Joseph P. Binkley, Jr., Judge**

_____

### No. M2018-00178-COA-R3-CV

_____

This is an appeal from the trial court's denial of a motion to recuse and award of summary judgment. Plaintiff-homeowner took out a loan secured by a deed of trust on a parcel of real property. After defaulting on the loan, plaintiff and defendant-bank entered into a loan modification agreement. Plaintiff, however, again defaulted on the loan, and, after she failed to make the required acceleration payments, defendant initiated foreclosure proceedings pursuant to the deed of trust. The real property ultimately was sold at foreclosure for less than the balance owed on the loan. Plaintiff then sued defendant for breach of contract and wrongful foreclosure. Defendant moved for summary judgment. Plaintiff never responded to defendant's motion for summary judgment. Three days prior to the hearing on the summary judgment, plaintiff filed a motion for a change of venue, which the trial judge treated as a recusal motion pursuant to Tennessee Supreme Court Rule 10B and which, following a hearing, he denied. The trial court subsequently granted defendant's summary judgment motion and dismissed plaintiff's claims with prejudice. Plaintiff appeals both the trial court's denial of the motion to recuse and its granting of the motion for summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Shauneille Sharifa (Morton), Madison, Tennessee, Pro se.

Jonathan Cole and Brittany B. Simpson, Nashville, Tennessee, for the appellee, Wells Fargo Bank, N.A.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2006, Shauneille Sharifa (Morton) ("Plaintiff") purchased a home at 2268 Gilmore Crossing Lane (the "Home") in Nashville, Tennessee from NVR, Inc. To enable her to purchase the Home, Plaintiff took out an adjustable rate loan with New Century Mortgage in the amount of $147,225.00 and secured the loan with a deed of trust on the Home (collectively, the "Loan". In 2007, Wells Fargo ("Defendant") became the loan servicer on the Loan.[1]

In 2010, Plaintiff defaulted on the Loan, and, on December 29, 2010, she entered into a Loan Modification Agreement with Defendant, increasing the principal balance on the Loan to $188,612.24. In September 2012, Plaintiff defaulted on the Loan for a second time. Defendant sent Plaintiff an acceleration letter on October 16, 2012, notifying her that she was in default and that the Loan would be accelerated if she did not make all required payments by December 19, 2012. Plaintiff, however, failed to make the required payments, and, as a result, foreclosure proceedings on the Home were initiated on February 6, 2013. On June 7, 2016, foreclosure counsel, on behalf of Defendant, sent Plaintiff a notice of foreclosure, notifying her that the Home was scheduled for sale on July 12, 2016.[2]

On July 13, 2016, Plaintiff, proceeding *pro se*,[3] filed a complaint in the Davidson County Circuit Court (the "trial court"), raising three claims: (1) a claim for accounting of $55,000; (2) a claim of illegal sale of a home; and (3) a demand that Defendant "Produce the Note." Defendant filed its answer on August 10, 2016. Plaintiff, however, filed a motion for default judgment against Defendant on November 7, 2016, alleging that she did not receive a copy of the answer until October 24, 2016. In its response in opposition to the motion, Defendant asserted that it had filed and served its answer within the thirty-day time limitation pursuant to Tennessee Rule of Civil Procedure 12.01. After a hearing on December 16, 2016, the trial court denied Plaintiff's motion for default judgment, finding that Defendant had filed its answer "within the thirty days prescribed

---

[1] As the loan servicer, Defendant was entitled to, among other things, receive Plaintiff's payments and foreclose on the Home if Plaintiff defaulted on the Loan.

[2] Defendant's foreclosure counsel received confirmation from the United States Postal Service, verifying that the notice was delivered to the current address for Plaintiff.

[3] As a *pro se* litigant, Plaintiff is entitled to fair and equal treatment by the courts. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Nevertheless, we must "be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary" and not excuse the *pro se* litigant from complying with the same substantive and procedural rules that represented parties must observe. *Id.*

by Rule 12.01 of the Tennessee Rules of Civil Procedure and had properly served its answer on Plaintiff when it sent the answer by U.S. Mail [to] Plaintiff's last known address." Additionally, the trial court found that Plaintiff had not been prejudiced by any delay that may have occurred.

On December 22, 2016, Defendant filed a motion for summary judgment. Defendant also filed a memorandum in support of the motion, a statement of undisputed material facts, and the affidavit of Sarah Lee Stoneholder, Defendant's vice president of Loan Documentation. Defendant asserted that the undisputed facts showed that (1) Plaintiff took out the Loan serviced by Defendant, (2) Plaintiff defaulted on the Loan on multiple occasions, (3) the Home was sold on July 12, 2016 after Plaintiff received proper notice, and (4) there were no excess foreclosure proceeds to be paid to Plaintiff because she owed $217,578.23 under the Loan and the Home was sold to a third party purchaser for $160,000.00. The trial court set the hearing on the motion for February 17, 2017.

On January 13, 2017, Plaintiff moved to postpone the summary judgment hearing "so that the Plaintiff will have the opportunity to receive a response to interrogatories as well as have a forensic audit completed on the deed in the presence of a Wells Fargo representative." On February 14, 2017, Defendant filed a reply in further support of its motion for summary judgment, asserting that Plaintiff failed to file a response to its statement of undisputed material facts as required by Tennessee Rules of Civil Procedure 56.03 and 56.06. Additionally, Defendant emphasized that it had already presented evidence that it had legal standing to enforce the Loan and noted that, while it had no obligation to do so, it would freely present the note and the deed of trust for inspection by Plaintiff and the trial court. On March 8, 2017, the trial court continued the hearing on Defendant's motion for summary judgment, requiring Plaintiff to file any supplemental responses before the case management conference, which was scheduled for March 28, 2017.

On March 17, 2017, Plaintiff again moved to continue the summary judgment hearing until after April 11, 2017, this time so that she could obtain counsel. On April 3, 2017, the trial court continued the case management conference until April 24, 2017. Thereafter, the trial court entered a case management order on May 3, 2017 with the following conditions: (1) Plaintiff had until July 1, 2017 to obtain counsel; (2) if Plaintiff failed to secure counsel by that date, then all remaining discovery was required to be requested by July 12, 2017; and (3) the parties would reconvene on July 14, 2017, at which time the trial court would consider resetting Defendant's motion for summary judgment. Plaintiff failed to obtain counsel by July 1, 2017. At the July 14, 2017 conference, however, the trial court extended the date by which Plaintiff had to request discovery until August 1, 2017. Additionally, the trial court set Defendant's motion for summary judgment for September 22, 2017.

On September 19, 2017, three days before the hearing on Defendant's motion, Plaintiff filed a motion for change of venue, alleging—for the first time—that, on December 16, 2016, Defendant's counsel, Brittany Simpson, and Judge Joe Binkley, Jr. engaged in impermissible *ex parte* communications that prevented Plaintiff from receiving a fair hearing on her motion for default judgment. Additionally, Plaintiff requested that Judge Binkley be disqualified or recuse himself from the underlying matter. A hearing was held on September 22, 2017, and, on October 9, 2017, the trial court, treating Plaintiff's motion as a Tennessee Supreme Court Rule 10B motion to recuse, denied the motion, finding that she had failed to provide any legal grounds for Judge Binkley's disqualification and that she had not filed the motion in a timely manner. Thereafter, on October 18, 2017, the trial court ordered Plaintiff to retain an expert or to submit testimony in opposition to Defendant's motion for summary judgment by November 3, 2017.[4] Plaintiff, however, did neither.

After a hearing on November 9, 2017, the trial court granted Defendant's motion for summary judgment, dismissing Plaintiff's complaint with prejudice. The trial court held that the facts presented in Defendant's statement of undisputed material facts were supported by the evidence. Additionally, it noted that, despite having ample time to do so, Plaintiff failed to file a response to Defendant's statement of undisputed material facts under Tennessee Rule of Civil Procedure 56.03. As such, based on the undisputed facts, the trial court found that Plaintiff waived her right to presentment under Tennessee Code Annotated section 47-3-501 when she executed the note; further, it found that Plaintiff's claims for excess proceeds from the foreclosure sale and all other claims raised in her complaint failed as a matter of law based on the undisputed facts. Before the trial court entered its order,[5] however, Plaintiff filed an "Appeal of Decision to Grant Summary Judgment" with the trial court on November 13, 2017. Treating the filing as a motion to alter or amend under Tennessee Rule of Civil Procedure 59.04, the trial court, on January 23, 2018, denied the motion, finding that it presented no change in controlling law, no new evidence, and no other reason that the judgment should be amended. The trial court further found that Plaintiff presented no reason or justification for failing to respond to Defendant's statement of undisputed material facts, despite having ample opportunities to do so. On January 29, 2018, Plaintiff timely filed her notice of appeal with this Court.[6] For the next fourteen months, Plaintiff filed multiple statements of the evidence that failed to comply with the Tennessee Rules of Appellate Procedure as well as various other motions, attempting—among other things—to reopen discovery. Ultimately, on

---

[4] The trial court emphasized "that Plaintiff will have no additional extension of time to hire and offer an expert in this matter."

[5] The trial court did not enter its order granting Defendant's motion for summary judgment until November 27, 2018.

[6] Plaintiff's notice of appeal is an exact reproduction of the "Appeal of Decision to Grant Summary Judgment" that she filed in the trial court on November 13, 2017.

April 17, 2019, the trial court entered three separate orders, adopting a statement of the evidence and denying Plaintiff's outstanding motions.

## ISSUES PRESENTED

As we perceive it, Plaintiff raises two issues for our review, which we restate as follows:

1. Whether the trial court erred in denying Plaintiff's motion to recuse.
2. Whether the trial court erred in granting Defendant's motion for summary judgment.

## DISCUSSION

### A.  Motion to Recuse

We first address Plaintiff's contention that the trial court erred in denying her motion to recuse, which she filed with the trial court on September 19, 2017.[7] In her motion, Plaintiff alleged the following: that, on the morning of December 16, 2016,[8] before the hearing on her motion for default which she had filed on November 7, 2016, Ms. Simpson and her co-counsel of record, Jonathan Cole, appeared in court on behalf of the Defendant; that the court officer summoned Ms. Simpson into Judge Binkley's chambers; and that, approximately fifteen minutes later, Ms. Simpson returned to the courtroom, gathered her belongings, and left.  According to Plaintiff, Mr. Cole remained in the courtroom and represented Defendant during the hearing.  Plaintiff contends that the trial court denied her November 7, 2016 motion for default due to *ex parte* communications between Ms. Simpson and Judge Binkley in the latter's chambers. Concerning the standard of review applicable to Rule 10B petitions, this Court has explained the following:

> The 2012 adoption of Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01.  The party seeking recusal bears the burden of proof, and any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.

---

[7] While Plaintiff did not seek interlocutory appeal of the trial court's decision, we nevertheless have jurisdiction to consider this issue. *See* Tenn. Sup. Ct. R. 10B § 2.01 ("The trial court's ruling either can be appealed in an accelerated interlocutory appeal as of right . . . *or the ruling can be raised as an issue in an appeal as of right* following the entry of the trial court's judgment.") (emphasis added) (internal citations omitted).

[8] Plaintiff's motion for default was set to be heard at 9:00 a.m. on December 16, 2016.

*Childress v. United Parcel Serv., Inc.*, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016) (internal quotations omitted). Additionally, when reviewing a Tennessee Supreme Court Rule 10B appeal, the only order this Court may review is the trial court's order denying the motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). In denying Plaintiff's motion to recuse, the trial court found that Plaintiff did not follow the proper procedures or satisfy the requirements of Tennessee Supreme Court Rule 10B. We agree.

Tennessee Supreme Court Rule 10B section 1.01 provides the following in relevant part:

> Any party seeking . . . recusal . . . of a judge . . . shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Tenn. Sup. Ct. R. 10B § 1.01. While Plaintiff did not file her motion to recuse until nine months after the alleged events detailed in the motion, this Court often considers the merits of a recusal issue despite allegations of untimeliness. *See Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (considering the substantive merit of a recusal issue despite a "considerable passage of time between the assignment of the case to [the trial court] and the formal filing of the motion for recusal"); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (considering the substantive merit of a recusal issue in Rule 10B appeal despite "Petitioner's failure to seek recusal in a timely manner"). Therefore, we will proceed to address Plaintiff's recusal issue on the merits of the case despite the allegation of untimeliness. Nevertheless, we conclude that the trial court properly denied Plaintiff's motion to recuse.

The record reflects that, at 9:00 a.m. on December 16, 2016, the same time and date during which Plaintiff's motion for default was heard, Ms. Simpson was in Maury County, Tennessee for an unrelated hearing and thus could not have met with Judge Binkley in Davidson County, as Plaintiff alleged. The record contains the affidavits of two attorneys who stated that they personally witnessed and spoke to Ms. Simpson during the 9:00 a.m. hearing in the Circuit Court of Maury County, Tennessee on December 16, 2016. The record also reflects that, during the September 22, 2017 hearing on Plaintiff's motion to recuse, Judge Binkley's court officer testified that he did not call Ms. Simpson into Judge Binkley's chambers on the morning of December 16, 2016. Moreover, the trial court, in its order denying the motion to recuse, "vehemently denied Ms. Simpson's presence in its chambers on December 16, 2016 or at any other time for any purpose

whatsoever."[9]  Accordingly, in addition to finding that there is substantial factual evidence to support the decision of the trial court, we conclude that Plaintiff failed to prove any "legal grounds supporting disqualification of the judge" and affirm the trial court's denial of Plaintiff's motion to recuse.

## B.  Summary Judgment

We next address Plaintiff's argument that the trial court erred in granting Defendant's motion for summary judgment.  "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (quoting Tenn. R. Civ. P. 56.04).  "We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness."  *Id.*  "In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Id.*  Here, the trial court noted that Plaintiff, despite having "more than ample time to file a response" to Defendant's statement of undisputed material facts, "chose not to do so."  Accordingly, the trial court adopted Defendant's statement of undisputed facts and concluded that "Plaintiff's claims for excess proceeds from the foreclosure sale, wrongful foreclosure, 'produce the note,' and all other claims alleged in Plaintiff's Complaint fail as a matter of law."  After our review of the record as well as the relevant case law, we agree.

The record before us contains no response filed by Plaintiff in opposition to Defendant's motion for summary judgment.  Tennessee Rule of Civil Procedure 56.03 governing summary judgment motions and responses in opposition to such motions provides the following:

---

[9] Additionally, the trial court noted that, during the hearing on Plaintiff's motion to recuse, Ms. Simpson testified that she had attended the hearing in Maury County, Tennessee on the morning of December 16, 2016.  The trial court also noted that Ms. Simpson presented an affidavit to that effect, which also reflected her attorney time for that date.  While the record on appeal does not contain Ms. Simpson's affidavit or a transcript of the September 22, 2017 hearing, the trial court summarized both in its order:

> The attorney time entry and [Ms. Simpson's] testimony reflected that she left her office at approximately 7:40 a.m. on December 16, 2016 to attend the hearing in Columbia, Maury County, Tennessee, after which she returned to her office at approximately 10:33 a.m.  She went on to state that, while she has been involved in this litigation since its inception, today, September 22, 2017, is the first time she has ever met the Plaintiff face to face or has been in the same room as the Plaintiff.  She emphatically denies attending any hearings in this case until today, September 22, 2017, and emphatically denies being present in the Fifth Circuit Court on Friday, December 16, 2016, for any reason.

In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Any party opposing the motion for summary judgment *must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant* either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response *shall be filed with the papers in opposition* to the motion for summary judgment.

Tenn. R. Civ. P. 56.03 (emphases added). Accordingly, Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion. Courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. *See, e.g., Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000); *McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998). Moreover, this Court has held that the failure to do so often proves "fatal" to the non-moving party at the trial court *and* on appeal:

Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

*Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (internal citations omitted). Here, Plaintiff's complaint raised three claims: (1) a claim for accounting of $55,000; (2) a claim of illegal sale of a home; and (3) a demand that Defendant "Produce the Note." Deeming the statement of undisputed material facts as admitted, however, we agree with the ruling of the trial court that Defendant proved that there is no genuine issue as to any material fact and, accordingly, that it is entitled to a judgment as a matter of law.

We interpret Plaintiff's first claim as one for breach of contract based on Defendant's alleged failure to pay excess proceeds from the foreclosure sale to Plaintiff, and we interpret Plaintiff's second claim as a claim for wrongful foreclosure.[10] Defendant's statement of undisputed material facts provides the following: to enable her to purchase the Home, Plaintiff took out the Loan in the amount of $147,225.00, using the Home as collateral; Defendant was the loan servicer of the Loan; after Plaintiff defaulted on the Loan in 2010, she and Defendant entered into a loan modification agreement, whereby the principal balance on the Loan increased to $188,612.24; in September 2012, Plaintiff defaulted on the Loan for a second time; on October 16, 2012, Defendant notified Plaintiff that she was in default and that the Loan would be accelerated if she did not make all the required payments by December 12, 2012; Plaintiff, however, failed to do so, and foreclosure on the Home was initiated on February 6, 2013; on June 3, 2016, Defendant notified Plaintiff that the total amount due on the Loan was $217,578.23, and, on June 7, 2016, Defendant sent Plaintiff a notice of foreclosure; on July 12, 2016, the Home was sold at foreclosure to LRW Holdings, LLC as the highest and best bid offered for $160,000.00; because Plaintiff still owed $217,578.23 on the Loan at the time of the foreclosure sale, there were no excess proceeds from the sale. Accordingly, Plaintiff's first two claims are factually unsupported; Plaintiff received notice of the foreclosure sale and there were no excess proceeds from the foreclosure sale. As to Plaintiff's third and final claim that Defendant "[p]roduce the [n]ote," we conclude that Plaintiff waived her right to presentment[11] when she executed the note. Tennessee law requires that "[u]pon the request of the person to whom presentment is made, the person making presentment must exhibit the instrument." Tenn. Code Ann. § 47–3–501(b)(2). However, the exhibition of the instrument is excused where "by the terms of the instrument presentment is not necessary to enforce the obligation of endorsers or the drawer" or "the drawer or endorsee whose obligation is being enforced has waived presentment or otherwise has no reason to expect or right to require that the instrument be paid or accepted." Tenn. Code Ann. § 47–3–504(a)(iii)-(iv). Here, the wording of the note included the following: "I and any other person who has obligations under this Note *waive the rights of Presentment* and notice of dishonor." (emphasis added). Accordingly, Plaintiff waived her right of presentment

---

[10] As to the first claim, Plaintiff's complaint asserts the following: "[Defendant] sold [the Home] on July 12, 2016 for $105,000.00, the amount still owed on [the Home] however, [the Home] sold for $160,000.00. This claim is against [Defendant] for the $55,000.00 difference of the sale." As to the second: "[Defendant] illegally sold [the Home]. [Defendant] never informed me in writing or over the phone of a sale date or that [the Home] was posted for sale."

[11] Tennessee Code Annotated section 47-3-501 defined presentment as "a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee." Tenn. Code Ann. § 47-3-501(a).

when she executed the note, and the trial court properly dismissed this claim as a matter of law.

## CONCLUSION

For the foregoing reasons, the trial court's denial of the motion to recuse and it's granting of summary judgment is affirmed.

_____
ARNOLD B. GOLDIN, JUDGE