IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2021 Session

## PENNY BRENNAN v. RANDII GOBLE

**Appeal from the Circuit Court for Blount County**
**No. L19426     David R. Duggan, Judge**

———————————————————

**No. E2020-00671-COA-R3-CV**

———————————————————

This appeal arose from a personal injury action.  The defendant filed a motion for summary judgment, accompanied by a statement of material facts in compliance with Tennessee Rule of Civil Procedure 56.03.  The plaintiff responded to the defendant's motion for summary judgment but failed to respond to the separate statement of material facts.  As a result of the plaintiff's failure to respond to the statement of material facts, the Trial Court deemed those facts as stated by the defendant as admitted and granted summary judgment in favor of the defendant upon its determination that the defendant had negated an essential element of the plaintiff's claim.  Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Billy J. Marlowe, Nashville, Tennessee, for the appellant, Penny Brennan.

W. Tyler Chastain and Matthew T. McDonald, Knoxville, Tennessee, for the appellee, Randii Goble.

# OPINION

## <u>Background</u>

In September 2016, Penny Brennan ("Plaintiff") filed a complaint in the Blount County Circuit Court ("Trial Court") against Randii Goble ("Defendant").[1]  The Goble family owned ICON Sporthorses, LLC, in Friendsville, Tennessee, which is a horse stable, training facility, and residential facility for trainers.  In her complaint, Plaintiff stated that she leased an apartment from Rhonda Goble, Defendant's mother, above the barn and horse stalls on the property.  Plaintiff stated that while she was on the property, Defendant's dog, Dexter, was unleashed and "suddenly and with no warning viciously attacked" her, resulting in significant injuries to Plaintiff.  Plaintiff alleged that Defendant was negligent by failing to restrain and control the dog or take other precautions to prevent the dog from attacking Plaintiff and by failing to provide warning of the presence of a "vicious dog." According to the complaint, Dexter had a "vicious nature, disposition, and propensity" of which Defendant knew or should have known.  In October 2016, Defendant filed an answer denying all allegations regarding an attack, that Dexter had a known vicious disposition or propensity, and of any negligence by Defendant.  The parties conducted discovery.

In July 2019, Defendant filed a motion for summary judgment, a memorandum of law in support of such motion, and a statement of material facts.  The motion for summary judgment specifically stated that it was supported by, *inter alia*, a "Statement of Undisputed Material Facts."  Additionally, Defendant filed the following as exhibits: (1) the deposition of Plaintiff, (2) a deposition of Rhonda Goble, (3) an affidavit by Defendant, and (4) relevant caselaw.  Defendant's memorandum of law filed in support of the summary judgment motion also referred to the statement of material facts and reiterated the statements of fact with citations to the numbered paragraphs in Defendant's statement of material facts.  Defendant's statement of material facts included twelve separately numbered paragraphs with citations to the record.

An agreed order allowing Plaintiff's former counsel to withdraw was entered in August 2019.  Billy J. Marlowe filed a notice of appearance as counsel for Plaintiff in October 2019.  On January 24, 2020, Plaintiff filed a "Response in Opposition to Defendant's Motion for Summary Judgment."  In her response, Plaintiff included a section titled: "Plaintiff's Tenn. R. Civ. P. 56.03 Responses."  Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment includes five responses as being disputed, which appear to coincide with argument and statements of fact alluded to in Defendant's

---

[1] This action initially listed Rhonda Goble as a defendant to this action, but the Trial Court subsequently dismissed her as a party upon the filing of a suggestion of death with no amendment being made to the complaint thereafter.

motion for summary judgment, not the separate "Statement of Undisputed Facts" filed by Defendant. Plaintiff additionally includes in her response a statement of additional issues of material fact, which includes seven additional statements. These seven additional facts contain no citations to the record. Plaintiff attached exhibits to her response including filing information with the Tennessee Secretary of State concerning Icon Sporthorses, LLC; the website of Icon Sporthorses; relevant caselaw; the deposition of Plaintiff; and an affidavit by Brittany Acker.

On February 10, 2020, Defendant filed a response to Plaintiff's statement of additional material facts, which included an objection to the additional material facts and a motion requesting that the additional facts be stricken due to their noncompliance with Tennessee Rule of Civil Procedure 56.03 for their failure to include any citation to the record to support them. Notwithstanding the objection, Defendant responded to each additional fact set forth by Plaintiff. In response on February 13, 2020, Plaintiff subsequently filed a "Response to Defendant's General Objections and Motion to Strike," requesting that the Trial Court deny the motion and stating that she had included such citations in the body of the response. This response also recited the additional facts from the previous "Response in Opposition to Defendant's Motion for Summary Judgment" but added explanations and citations to the record to support those facts.

The Trial Court conducted a hearing concerning Defendant's motion for summary judgment on February 14, 2020. At this hearing, the Trial Court addressed procedural concerns it had with Plaintiff's response to Defendant's statement of material facts. The Trial Court found that there had been "in essence, no response to the statement of material facts" filed by Plaintiff in response to Defendant's motion for summary judgment.

The Trial Court found that Plaintiff's "Response in Opposition to Defendant's Motion for Summary Judgment" did not properly and fully respond to Defendant's statement of material facts. Even though the subheading identified the responses as compliant with Tennessee Rule of Civil Procedure 56.03, Plaintiff included only five responses compared to the twelve statements of fact within Defendant's "Statement of Undisputed Facts." In addition to failing to respond to every material fact presented, the Trial Court found that the responses provided did not respond to the corresponding first five statements of fact provided within Defendant's statement of material facts. The Trial Court found that although Plaintiff stated in each of its five responses that they were disputed, Plaintiff had proceeded to state the basis of the dispute by making her argument but did not address the statement of fact itself. The Trial Court recognized that Plaintiff had included in this "Response in Opposition to Defendant's Motion for Summary Judgment" seven statements of additional material facts but Plaintiff had not included citations to the record for any of them as required by Rule 56.03.

At the hearing, Defendant objected to the filing by Plaintiff of her "Response to Defendant's General Objections and Motion to Strike," which was filed the day before the hearing, as being untimely. However, the Trial Court overruled that objection and considered the "Response to Defendant's General Objections and Motion to Strike." Although allowing the filing of this document, the Trial Court found that the response did not purport to be a response to Defendant's statement of material facts. The Trial Court found that even if treated as such, Plaintiff provided no response as to whether Defendant's statements were disputed, undisputed, or undisputed for purposes of the summary judgment motion and that they were "just statements of argument." According to the Trial Court, they were "simply statements of the plaintiff's theory of the facts and of the case." Furthermore, the Trial Court found that this document only contained seven statements compared to the twelve factual statements in Defendant's statement of material facts.

Based on the foregoing, the Trial Court concluded that Plaintiff's response was inadequate, as well as "wholly and completely deficient," and that Plaintiff had not sufficiently responded to Defendant's statement of material facts as required by Rule 56.03. Therefore, the Trial Court, relying on Defendant's statement of material facts that had been unanswered, made the following findings of fact:

Number one, on or about September 20, 2015, plaintiff claims to have been bitten by Dexter, a black Australian Shepherd mix owned by Randii Goble while on the property of Icon Sport Horses, LLC.

Number two, the Goble family was the owner of Icon, a horse stable, training facility, and residential facility for trainers located at 1201 Disco Loop Road, Friendsville, Tennessee.

Number three, plaintiff, Penny Brennan, was living in one of the two apartments for trainers to rent at Icon as of September 20, 2015.

Number four, on September 20, 2015, on the day of the incident, there were approximately seven dogs permitted and staying on the Icon property including Dexter the dog at issue.

Number five, . . . Dexter was on the Icon property with permission of the owners at all times daily.

Number six, on the afternoon of September 20, 2015, two dogs, Charlie, owned by Randii Goble, and Lilly, owned by Ginger Heldreth, got into a fight on the Icon property.

- 4 -

Number seven, Ginger Heldreth and Rhonda Goble began to separate the two dogs, those being Lilly and Charlie.

Number eight, plaintiff came into the area to join in the fight break up.

Number nine, plaintiff claims that while she was involved in trying to break up the dog fight, Dexter came up behind her and bit her in the back of the leg.

Number ten, as of September 20, 2015, Randii Goble, the owner of Dexter, had no knowledge of any incidents at Icon regarding Dexter being aggressive, biting anyone or being a part of any dog fights or know of any facts or circumstances or of any event or any dangerous disposition or vicious or mischievous propensities of Dexter.

Number 11, in no instance was Dexter running at large on September 20, 2015.

And number 12, Dexter was lawfully in the place he was supposed to be and resided as of September 20, 2015.

The Trial Court thereafter entered an order in March 2020, adopting its findings of fact made during the court's hearing. Based upon the foregoing findings of fact, the Trial Court found that there was no genuine issue of material fact and that Defendant had negated essential elements of Plaintiff's claim. Thus, the Trial Court found that Plaintiff could not prove the claims alleged in the complaint. The Trial Court, therefore, granted Defendant's motion for summary judgment.

Following entry of the Trial Court's judgment, Plaintiff filed a motion to set aside the judgment in March 2020, stating that "the actions leading up to it amount to *excusable neglect* on the part of Plaintiff's attorney." In the motion, Plaintiff requested additional time to answer Defendant's original "Statement of Undisputed Facts" and argued that Plaintiff's responses to such should be considered in the Trial Court's decision regarding summary judgment. In support of her request, Plaintiff argued that (1) Defendant would not be prejudiced by Plaintiff's late response to the statement of material facts, (2) the delay and potential impact on the proceedings would be limited, (3) Plaintiff's lack of response to the statement of material facts was due to "actions inside and outside Plaintiff's counsel's control," and (4) there was no bad faith by Plaintiff.

According to Plaintiff's motion, she had filed with her response to the summary judgment motion "an affidavit from a witness that clearly showed there were disputed facts" and recent case law "that completely changed the issue of law that was very

- 5 -

important in this matter."  Plaintiff further stated that Plaintiff's attorney only became aware of Defendant's "Statement of Undisputed Facts" at the court hearing on February 14, 2020.  In the motion, Plaintiff acknowledged that "more times than not" documents from the case file were missing when obtaining them from the client or the client's former attorney, but he had not driven to the clerk's office and requested copies of the pleadings filed in this matter.  Plaintiff explained that her counsel's parents were ill during this time period, that counsel was "under numerous deadlines," that counsel was preparing for a trial in federal court, and that counsel was searching for new office space.  Plaintiff further acknowledged that "driving to obtain the file would have been the best option, or sending someone, but there was just too much going on at one time."

According to the motion, Plaintiff's counsel and his staff had not seen the Defendant's "Statement of Undisputed Facts" prior to the summary judgment hearing. According to Plaintiff, "[o]ut of the twelve facts in the Defendant's Statement of Undisputed Facts, there were only two facts that were disputed by the Plaintiff and those disputed facts were answered in Plaintiff's Response to Defendant's Motion for Summary Judgment just not in the correct form as described by Rule 56 of the Tennessee Rules of Civil Procedure."  As such, Plaintiff argues that her attorney's oversight was due to mistake, inadvertence, or excusable neglect, pursuant to Tennessee Rule of Civil Procedure 60.02.  Additionally, Plaintiff attached to this motion her response to Defendant's original statement of material facts.

Defendant subsequently filed an opposition to Plaintiff's motion to set aside the order, arguing that the grant of summary judgment was proper.  According to Defendant, there is "no reasonable basis to assert excusable neglect."  Defendants point to their summary judgment motion that mentioned the statement of material facts filed with the motion, the memorandum of law in support of their motion that stated that "SOF" would be the designation for "Statement of Facts," and each factual statement in the memorandum cited to the relevant paragraph of Defendant's statement of material facts.  According to Defendant's motion, there is "absolutely no excuse or justification as to why Plaintiff's counsel did not know about the Statement of Undisputed Facts prior to the hearing."

Plaintiff filed a notice of appeal with this Court in May 2020, appealing the March 2020 judgment of the Trial Court, while her motion to set aside the judgment was pending. The Trial Court subsequently entered an order denying Plaintiff's motion to set aside the order, finding that there was no excusable neglect in this case.  In making its decision, the Trial Court found that Plaintiff's new counsel had approximately three months after entering his notice of appearance to review the file and motion for summary judgment prior to Plaintiff's filing of her "Response in Opposition to Defendant's Motion for Summary Judgment" and nearly four months before filing the "Response to Defendant's General Objections and Motion to Strike," which was filed the day before the hearing. Additionally, the Trial Court found that counsel had signed both responses filed by Plaintiff

and knew he was responding to a motion for summary judgment "supported by a proper memorandum of law and a statement of undisputed material facts." The Trial Court found Plaintiff's argument of excusable neglect to be unavailing and denied the motion to set aside the judgment.

## Discussion

Although not stated as such, Plaintiff raises the following issue for our review: whether the Trial Court erred by granting summary judgment in favor of Defendant. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

> \* \* \*

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made

[and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

In this case, it is undisputed that Plaintiff failed to respond specifically to Defendant's separate statement of material facts. According to Plaintiff, she had responded to Defendant's motion for summary judgment but "did not do so in the correct format." Plaintiff further argues that because there were clearly disputed facts and questions of law, the Trial Court erred by granting summary judgment in favor of Defendant.

Tennessee Rule of Civil Procedure 56.03 requires the movant to file a "separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial" with each material fact set forth in a separate numbered paragraph and supported by citations to the record. Rule 56.03 also requires the nonmoving party to respond to such statement of facts as follows:

Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed

fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

Plaintiff argues in her appellate brief that the Trial Court erred when it failed to consider all the evidence and law presented and simply adopted Defendant's statement of material facts as its findings of fact and conclusions of law. This Court has previously determined that a trial court may consider statements of fact as admitted when a non-moving party fails to respond to the moving party's statement of material facts. *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539-40 (Tenn. Ct. App. 2012) (citing *Holland v. City of Memphis,* 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003)). This Court stated in *Holland* that "the material facts set forth in the statement [of material facts] of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party." *Holland,* 125 S.W.3d at 428 (internal citation omitted). Furthermore, this Court in *Simmons v. Harris,* No. M2000-00227-COA-R3-CV, 2000 WL 1586451, at *3 (Tenn. Ct. App. Oct. 25, 2000), determined that a non-moving party's noncompliance with Rule 56.03 by failing to respond to the moving party's statement of material facts can result in the trial court failing to consider the non-moving party's factual contentions and the statement of facts by the moving party being deemed admitted.

The Trial Court found that there was "in essence, no response to the statement of material facts" by Plaintiff, made findings of fact based on Defendant's statement of material facts, and granted Defendant's motion for summary judgment based on those facts. Plaintiff argues that although Plaintiff had not responded to Defendant's summary judgment motion "in the correct format, the facts were still clearly disputed." However, as the Trial Court found, Plaintiff had not responded to the statement of material facts filed by Defendant. Plaintiff had included only five responses compared to Defendant's twelve statements of material fact. It appears from the record that Plaintiff was not responding to Defendant's statement of material facts but instead to the body of the motion for summary judgment, despite the fact that Defendant's motion to which Plaintiff responded specifically referred to a concomitantly filed "Statement of Undisputed Material Facts." Given that Plaintiff's motion to set aside the summary judgment stated that Plaintiff's counsel and his staff had not seen Defendant's "Statement of Undisputed Facts" prior to the date of the summary judgment hearing, Plaintiff's response prior to the hearing was not a response to the statement of material facts. Clearly, the responses in "Plaintiff's Tenn. R. Civ. P. 56.03 Responses" within its response to the summary judgment motion are not aligned with the paragraphs in Defendant's statement of material facts. In Plaintiff's response, she stated that each fact to which she responded was disputed, but the Trial Court found that Plaintiff had not responded at all to several statements of fact and even in the five statements of fact she provided a response, Plaintiff had not responded to the actual facts presented.

Without responding to Defendant's statement of material facts, Plaintiff filed her own statement of additional facts in her response without providing citations to the record supporting those facts. Defendant objected to those facts based on the lack of citation to the record. On the day before the summary judgment hearing, Plaintiff filed a response to that objection, providing citations to support these additional facts. However, Plaintiff still had not responded to Defendant's original statement of material facts filed with the summary judgment motion. Although there seems to be confusion during the hearing on the purpose of this last-minute filing, the Trial Court considered these additional facts but still found that they were just Plaintiff's "theory of the facts and of the case" and made no reference to whether each of Defendant's statements of fact were disputed, undisputed, or undisputed for purposes of the motion. As such, the Trial Court found that even if this filing was taken as a response, Plaintiff still had not sufficiently responded to Defendant's statement of material facts. We agree with the Trial Court that Plaintiff never sufficiently responded to Defendant's statement of material facts.

Plaintiff further argues that the Trial Court erred by not considering all the evidence presented, including an affidavit of a witness filed by Plaintiff, when determining whether a dispute of material fact existed for purposes of summary judgment. Tennessee Rule of Civil Procedure 56.03 was enacted for a reason, to prevent the trial court from having to search the record for disputed facts when ruling on a summary judgment motion. As this Court stated in *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001), "[t]he purpose of these requirements is to 'assist the Court in focusing on the crucial portions of the record' in determining whether there is a genuine issue requiring a trial on the merits." (Quoting Advisory Committee Comment to Tenn. R. Civ. P. 56.03.)

This Court has held that a non-moving party's failure to comply with the responsive requirements of Rule 56.03 can result in the trial court's refusal to consider his or her factual contentions "even though those facts could be ascertained from the record." *Owens*, 77 S.W.3d at 774 (citing *Simmons*, 2000 WL 1586451, at *3); *see also Holland*, 125 S.W.3d at 428 (holding that a trial court may "refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record"). As this Court stated in *Holland* concerning the necessity of statements of material fact:

> The statements of material facts submitted by the parties on a motion for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Owens v. Bristol Motor Speedway, Inc.,* 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001) (perm app. denied).

- 10 -

*Holland*, 125 S.W.3d at 428 (other internal citations omitted).

According to Plaintiff's brief, the Trial Court erred when it ignored all the evidence accompanying Plaintiff's summary judgment response and adopted Defendant's twelve statements of fact as its only findings of fact and conclusions of law. We disagree with Plaintiff's contention under these circumstances. The Trial Court was not required to sift through all the evidence of affidavits and depositions presented in the summary judgment motion and response to determine whether a dispute of material fact existed. Tennessee Rule of Civil Procedure 56.03 was enacted to remove this burden from the Trial Court and to require the parties to assist the Trial Court by directing its attention to the crucial parts of the record where a dispute of fact exists. Because Plaintiff did not respond to Defendant's statement of material facts, we determine that the Trial Court did not err by ruling that Defendant's statement of material facts was deemed admitted and in relying on those facts to conclude that Defendant had negated an essential element of Plaintiff's claim.

Following Plaintiff's motion to set aside the judgment, the Trial Court disagreed with Plaintiff that her failure to respond to the statement of undisputed facts had been the result of excusable neglect. The Trial Court found that Plaintiff's attorney had at least three months to review the file to prepare his response to the motion for summary judgment. Furthermore, the Trial Court found that Plaintiff's counsel had signed both responsive pleadings, including Plaintiff's "Response in Opposition to Defendant's Motion for Summary Judgment" and her "Response to Defendant's General Objections and Motion to Strike" and that he knew he was responding to a motion for summary judgment. As counsel stated during oral arguments, a statement of material facts and a response thereto has been required by the Tennessee Rules of Civil Procedure for many years, and counsel had admittedly responded to many motions for summary judgment. As counsel acknowledged, he should have known to look for the statement of material facts accompanying the motion. Furthermore, we note that the motion to which Plaintiff had responded specifically stated that it was accompanied by a "Statement of Undisputed Material Facts." The Trial Court found that Plaintiff's failure to respond to Defendant's statement of material facts was not excusable neglect, and we find no error in the Trial Court's ruling in this regard.

Additionally, we find Plaintiff's argument that the Trial Court had not complied with Tennessee Rule of Civil Procedure 56.04 to be unpersuasive. Plaintiff cites to Rule 56.04, arguing that the Trial Court "did not write the Final Order Granting Summary Judgment" but that it, in essence, had been written by counsel for Defendant when drafting the statement of material facts. Tennessee Rule of Civil Procedure 56.04 provides in relevant part as follows: "The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling."

Since 2007, Rule 56.04 has required a trial court to state its grounds upon which it relied in making its decision to either grant or deny a motion for summary judgment. *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313 (Tenn. 2014). The record reflects that the Trial Court orally provided its ruling on the record during the hearing, provided the reasoning for its decision, and subsequently entered an order granting summary judgment based on its oral ruling. As shown in this Opinion, precedent is clear that a trial court can deem as admitted the moving party's statement of material facts when the non-moving party failed to respond to them. *See Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539-40 (Tenn. Ct. App. 2012). Considering these facts as admitted due to Plaintiff's noncompliance with Rule 56.03 does not negate the Trial Court's ability to comply with Rule 56.04. The Trial Court in this case gave its reasoning for deeming as admitted Defendant's statement of material facts, made findings of fact based upon the material facts contained therein, and applied those facts to the law in making its decision that Defendant had negated an essential element of Plaintiff's case. As such, we find and hold that the Trial Court complied with Tennessee Rule of Civil Procedure 56.04.

## Conclusion

The judgment of the Trial Court granting summary judgment in favor of Defendant is affirmed. This cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Penny Brennan, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE