IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 17, 2025 Session

## LINDSEY A. JORDAN v. EAST TENNESSEE HUMAN RESOURCES AGENCY, INC.

**Appeal from the Circuit Court for Knox County**
**No. 3-189-24     Deborah C. Stevens, Judge**

---

### No. E2025-00445-COA-R3-CV

---

The plaintiff appeals the trial court's summary judgment dismissal of her personal injury negligence action against a social services organization. The trial court found that the action was barred by the applicable one-year statute of limitations and that the discovery rule did not apply to toll the statute of limitations. Because the plaintiff's action accrued more than one year before she filed the lawsuit, we conclude that summary judgment in favor of the defendant was properly granted. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JEFFREY USMAN, J., joined.

Matthew D. Ooten, Knoxville, Tennessee, for the appellant, Lindsey A. Jordan.

Yasmine Ly Parker and Brian Robert Bibb, Knoxville Tennessee, for the appellee, East Tennessee Human Resources Agency, Inc.

## OPINION

### I.     BACKGROUND

The Appellant, Lindsey Jordan ("Plaintiff"), uses a wheelchair. She frequently uses transportation services offered by Defendant-Appellee East Tennessee Human Resources Agency ("ETHRA") to get around town.[1]

---

[1] During this litigation, Defendant has been referred to erroneously as East Tennessee Human Resources Agency instead of East Tennessee Human Resource Agency.

On July 13, 2023, Plaintiff used ETHRA's van to transport her to a residence. Once the van arrived, ETHRA's employee who was the van's driver secured Plaintiff onto the exit ramp and lowered it. As Plaintiff operated her motorized wheelchair and exited the ramp, she and her wheelchair fell forward toward the ground and Plaintiff landed on her face. The cameras inside the van recorded the audio and video of the accident from multiple angles.[2] While the driver was attempting to lift Plaintiff and her wheelchair off the ground, Plaintiff repeatedly yelled toward the residence for help. She stated, "Help me, I fell. My wheelchair just fell. Help! Help! Help!" As someone else descended the outdoor stairs of the residence, Plaintiff said, "I don't know why it's doing that." The person who appeared from the residence looked to the van's lift and said, "It's not down all the way." The driver responded, "Yeah, it is, it just pops back up." As she was using her wheelchair to leave the scene, Plaintiff replied, "No, you did not put it all the way on the ground . . . Well, it wasn't all the way on the ground. I just hope my feet aren't broke . . . my leg was bent all the way in . . . So, I'll find out . . . we'll find out . . . I'm paralyzed, so I don't know."

ETHRA's driver resigned on July 20, 2023. On July 16, 2024, one year and three days after the accident, Plaintiff sued ETHRA for negligence. Plaintiff's complaint incorrectly stated that July 22 was the date of the accident. The parties agree it happened on July 13, 2023. Plaintiff's complaint contains the following allegations: that the driver failed to lower the ramp completely down to the ground; that she "fell out of her wheelchair directly onto her face"; that "[h]er left foot got tangled in her wheelchair, and the wheelchair fell on top of her"; and that she "did not immediately seek medical attention because she could not feel her injuries." Plaintiff's complaint further alleged that, at an unrelated medical appointment later that month, she "informed staff of her recent fall and requested that they examine the foot that got caught underneath her during the fall." Plaintiff alleged that she suffered serious injuries to her left foot due to ETHRA's negligence.

ETHRA answered the complaint, denied negligence, denied the factual allegations, and asserted affirmative defenses. Specifically, ETHRA asserted that, pursuant to the applicable statute of limitations, an action for personal injuries must be commenced within one year after the cause of action accrued. Citing the date of the accident, ETHRA stated that Plaintiff's action was barred by the statute of limitations.

ETHRA moved for summary judgment on October 25, 2024, asserting that the undisputed facts prove that the incident occurred on July 13, 2023, so Plaintiff's action was

---

[2] ETHRA submitted the DVD of the recording in support of its motion for summary judgment filed later in the proceedings.

time-barred.  ETHRA supported its motion for summary judgment with the affidavit of its transportation director, the DVD recording of the accident, the Injury Occurrence Report dated July 13, 2023, and a Tennessee Rule of Civil Procedure 56.03 statement of undisputed material facts.  The statement of undisputed material facts as to which ETHRA contended there was no genuine issue for trial includes the following: "On the day of the incident, the Plaintiff was wheelchair bound and used ETHRA's transportation services" and "This incident in question occurred on July 13, 2023."  In the Injury Occurrence Report, ETHRA's driver described the event:

> I let the lift down and while the client was driving off she went face forward. I picked her up and she was sitting in chair and took off.  I asked are you ok? She said you broke my legs.  I told her I was sorry.  She said the l[i]ft wasn't down, I told her that the l[i]ft would not let her come off if it wasn't down.

Plaintiff failed to respond to the statement of undisputed material facts. In her response to ETHRA's motion for summary judgment, Plaintiff admitted that the applicable one-year statute of limitations had technically lapsed.  Plaintiff argued that the trial court should apply the equitable exception of the discovery rule.  She asserted, without citation to the record, that her "paralysis caused delayed discovery of her injury itself."

Following a hearing, the trial court granted summary judgment to ETHRA by order entered March 12, 2025.  The trial court found that the facts as asserted by Plaintiff in her complaint "show Plaintiff's actual knowledge of the details of the incident as it undisputably occurred on July 13, 2023, and also establish Plaintiff's inquiry knowledge of a potential injury."  The court concluded that the statute of limitations began accruing on July 13, 2023, the date that Plaintiff had both actual and inquiry knowledge of her possible injury, so the complaint was untimely filed on July 16, 2024.  Plaintiff appealed.

## II.     ISSUE

We restate the issue on appeal as follows:

Whether the trial court erred in granting summary judgment in ETHRA's favor based on its holding that Plaintiff's claims were barred by the applicable statute of limitations and that the discovery rule did not apply to delay the accrual of the limitations period.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04.

When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).  "[I]f the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)).

Here, because the moving party sought summary judgment on an affirmative defense, it had the burden of proof at trial.  *See Sherrill v. Souder*, 325 S.W.3d 584, 596 (Tenn. 2010) ("Because the failure to comply with a statute of limitations is an affirmative defense, *see* Tenn. R. Civ. P. 8.03, the Defendants bear the burden of proof on the issue.").

When a party files and properly supports a motion for summary judgment as provided in Rule 56, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Rye*, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial."  Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265.  If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party."  Tenn. R. Civ. P. 56.06.

We review a trial court's summary judgment determination de novo, with no presumption of correctness.  *Rye*, 477 S.W.3d at 250.  Therefore, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Id*.  In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Shaw v. Metro. Gov't of Nashville & Davidson Cnty*., 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

# IV. DISCUSSION

The statute of limitations applicable to this negligence action under the Tennessee Governmental Tort Liability Act is "within twelve (12) months after the cause of action arises." Tenn. Code Ann. §§ 29-20-305(b); § 29-20-205; *see also* § 28-3-104 (an action for "injuries to the person" must "be commenced within one (1) year after the cause of action accrued."). "The concept of accrual relates to the date on which the applicable statute of limitations begins to run." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012) (citing *Columbian Mut. Life Ins. Co. v. Martin*, 175 Tenn. 517, 526, 136 S.W.2d 52, 56 (1940)).

Here, the undisputed facts establish and the parties agree that the accident forming the basis of Plaintiff's complaint occurred on July 13, 2023. "When the undisputed facts establish a statute of limitations defense, as they do here, the burden shifts to the plaintiff to articulate at least a colorable basis for concluding that the statute of limitations has not run on his claims under an equitable doctrine such as the discovery rule." *Smith v. Hauck*, 469 S.W.3d 564, 571–72 (Tenn. Ct. App. 2015) (internal quotation omitted).

Pursuant to the discovery rule, "a cause of action accrues and the statute of limitations begins to run not only when the plaintiff has actual knowledge of a claim, but also when the plaintiff has actual knowledge of facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct." *Redwing*, 363 S.W.3d at 459 (internal citations omitted). The latter circumstance is referred to as "inquiry notice." *Id*. "The discovery rule does not, however, toll the commencement of the statute of limitations until plaintiffs know the full extent of their damages, the exact nature of their legal claims, or all the facts affecting the merits of their claims." *Noel v. Gibbons*, No. W2023-01517-COA-R3-CV, 2024 WL 4719117, at *4 (Tenn. Ct. App. Nov. 8, 2024), perm. app. denied (Feb. 20, 2025) (citing *Redwing*, 363 S.W.3d at 459). "The key inquiry is whether the plaintiff had knowledge of sufficient facts to put a reasonable person on notice of the injury." *Outpost Solar, LLC v. Henry, Henry & Underwood, P.C.*, No. M2019-00416-COA-R3-CV, 2021 WL 1027110, at *5 (Tenn. Ct. App. Mar. 17, 2021) (citing *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 533 (Tenn. 1998)). On this point, summary judgment is appropriate when the undisputed facts demonstrate that no reasonable trier of fact could conclude that the plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that she was injured as a result of the defendant's wrongful conduct. *See Young ex rel. Young v. Kennedy*, 429 S.W.3d 536, 557 (Tenn. Ct. App. 2013).

With the elements of the discovery rule in mind, we turn now to the undisputed facts in the record and Plaintiff's argument on appeal. Plaintiff maintains that she "could not

have discovered her injury prior to her visit to the doctor [later in July 2023] because she has no feeling in her lower extremities." We note that the record is undeveloped as to the extent of Plaintiff's condition, *i.e.*, what she can and cannot feel in her body. This is because Plaintiff did not respond to ETHRA's statement of undisputed material facts and did not counter ETHRA's motion for summary judgment with evidence such as medical records, an affidavit, or anything that could evidence the extent of her paralysis before and injuries after the July 13 accident as alleged. Tennessee Rule of Civil Procedure 56.03 provides, in part:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

Tenn. R. Civ. P. 56.03. "[T]he material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party." *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003). The only undisputed admission in the record before us as to Plaintiff's condition is that she is "wheelchair bound,"[3] as established by the statement of undisputed material facts. Regardless, the video footage of the accident and the driver's contemporaneous report match Plaintiff's allegations that she fell directly onto her face when exiting the van, her wheelchair fell on top of her, her "leg was bent all the way in," she was immediately concerned about something in her lower body being "broke," and she accused ETHRA's driver of "not put[t]ing [the lift] all the way on the ground." This amounts to inquiry notice of an injury on Plaintiff's part. *See Redwing*, 363 S.W.3d at 459 ("Once a plaintiff gains information sufficient to alert a reasonable person of the need to investigate the injury, the limitation period begins to run.") (internal quotation omitted).

---

[3] In quoting this outdated term from the record, we mean no disrespect.

Based on the undisputed facts, we hold that Plaintiff had inquiry notice of her alleged injury as a result of ETHRA's driver's alleged conduct by July 13, 2023, when the accident occurred. This date triggered accrual of the action more than one year prior to its commencement on July 16, 2024. With all of the above considerations in mind, we affirm the trial court's March 12, 2025, order granting summary judgment in ETHRA's favor.

## V. CONCLUSION

We affirm the trial court's judgment. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Lindsey A. Jordan.

_____
JOHN W. McCLARTY, JUDGE